Sharpe *v.* Kelley.

---

## SHARPE *vs.* KELLEY.

A tenant, who, while in possession, has taken a conveyance in fee from a stranger, is not entitled to notice to quit from his landlord.

A tenant cannot set up against his landlord, a title acquired by him during his tenancy, hostile in its character to the title which he acknowledged in accepting the demise.

Accordingly where a tenant entered under a demise made in 1835, and during his tenancy, purchased a title derived from a tax sale which took place in 1834; *held* that he could not assert such title against his landlord.

But a tenant may acquire a title consistent with that admitted by the demise, as a tax sale made during his term.

A party in possession of land holding under another person, cannot render his possession adverse, except by an open and notorious act. If he take a secret conveyance in fee of the land from one claiming to be owner, and keep it secret, the character of his possession is not changed.

EJECTMENT, tried at the Albany circuit, in April, 1845, before PARKER, Cir. J. The plaintiff sought to recover three undivided seventh parts of a lot of land with buildings thereon in the city of Albany. He, and six other persons, his brothers and sisters, all minors, owned the premises in question as tenants in common, on and previous to 1835. The property was managed by their mother, as their natural guardian, who received the rents and profits, their father being dead. The mother appointed Arnold Nelson her agent to take charge of the property and lease it and to collect the rents and profits, she and her children then residing in the city of New-York. In 1835,

Nelson as such agent leased the lot to the defendant; who paid rent for it to Nelson as the agent of the children until 1840. The plaintiff gave in evidence conveyances to himself from one of the tenants in common executed in February, 1843, and from another of them executed in March, 1844.

The defendant's counsel moved for a nonsuit on the ground that he was entitled to notice to quit. The plaintiff thereupon proved that on the 18th day of February, 1840, the defendant received a conveyance in fee of the lot from Nelson, and on the same day executed to Nelson a bond and mortgage for the purchase money, $2400. The judge then held that the defendant was not entitled to notice to quit, and denied the motion for a nonsuit.

The defendant proved a regular sale of the lot by the corporation of the city of Albany, on the 2d day of April, 1834, for the non-payment of taxes due to the city, for the term of 999 years, Nelson being the purchaser for the sum of $43,42; and an assignment of the declaration of sale by Nelson to the defendant on the 20th of April, 1840. The defendant insisted that these instruments gave him the title to the lot for the term mentioned, and that the deeds to the plaintiff from his co-tenants were void on account of his, the defendant's, adverse possession when they were executed. The plaintiff controverted these views, maintaining that the defendant was estopped from setting up the title derived from the corporation sale. And thereupon (as stated in the bill of exceptions,) the facts proved being uncontradicted and neither party desiring to submit any thing to the jury, the judge decided that the plaintiff was entitled to recover three-sevenths of the premises. Verdict accordingly. The defendant duly excepted to the several decisions made against him, and he now moves for a new trial on a bill of exceptions.

*D. McMartin & S. Stevens*, for the defendant.

*M. T. Reynolds*, for the plaintiff.

Sharpe *v.* Kelley.

*By the Court,* BEARDSLEY, Ch. J. The defendant was not entitled to notice to quit. Having, while tenant to the plaintiff and the other owners of this lot, taken a deed for it in fee, from a stranger, and given back a mortgage for the purchase money, the defendant thereby disclaimed all right as a tenant, and cannot now be allowed to set up the want of notice to quit.

As neither party desired to submit any question to the jury, we ought to assume the existence of any fact which the jury were authorized to find from the evidence before them. It may therefore be taken as established, for the evidence would well justify such a conclusion, that the defendant went into possession of this lot in 1835, as tenant to the plaintiff and the other owners. It does not appear for what term of time the lot was leased to him; it may have been for one year, or more, or less, for there is no evidence on the point. If the fact, therefore, could be deemed material to this defence, we cannot say upon what appears in this bill of exceptions, that the leasehold term had expired by its own limitation, when the defendant assumed to purchase the lot of Nelson in 1840. The defendant then was tenant to the plaintiff when the pretended purchase was made, but his position as such tenant precluded and estopped him from setting up any title hostile to that of his landlord. He might have acquired a title consistent with the right asserted in making the demise to him, but he could not set up any thing in derogation of that demise. Although a tenant, he might have purchased at the corporation sale, had it been made after the execution of the lease, and he also might have taken an assignment from a purchaser at such a sale. This would not have been acting in hostility to the title of his landlord, but in consistence with it; as much so as a purchase at sheriff's sale, or directly from the landlord himself would have been. (*Nellis* v. *Lathrop,* 22 *Wend.* 121.) But having taken a lease from the plaintiff in 1835, and paid rent accordingly until 1840, the defendant could not be allowed to set up title derived from a stranger, or from the plaintiff himself prior to the lease of 1835. If the defendant could do this he would be taking ground wholly inconsistent with the title he himself

took from the plaintiff in 1835. (*Phelan* v. *Kelly,* 25 *Wend.* 392, *and cases there referred to.*) The judge was right in holding that the defendant could not set up the corporation sale of 1834, and title derived under it, to destroy the right which was conceded to exist in the plaintiff by becoming his tenant in 1835.

If a tenant, during the period for which he has taken a lease, can in any case be allowed to set up an adverse possession by himself against his landlord, there was not such evidence given on the trial of this cause as to justify the jury in finding the existence of such a fact. It is true that the deed from Nelson to the defendant and the mortgage back, looked in that direction; but these may have been secret conveyances, and so have given no publicity whatever to an assertion of ownership. It should certainly appear that the possession, as held, and the possessory acts done by the party in possession, were hostile to the claim of title in any other person than the one setting up an adverse possession. It cannot be presumed that the possession was hostile; that must be shown by evidence. As there was not evidence in this case to establish a hostile possession when the deeds of 1843 and 1844 were given to the plaintiff, they cannot be held void. The judge was correct in so holding, and a new trial should be denied.

New trial denied.