### PIERSON and Others v. DOE on the Demise of TURNER and Another.

An instrument under seal acknowledging the receipt of the consideration for the sale of real estate, but containing no words of conveyance, does not transfer the legal title.

Where the plaintiff in ejectment traces title to a person in possession under a deed, and to the same source from which the defendant derives title, such plaintiff need not show a patent from the United States to sustain his title.

Copies of deeds from the recorder's office, under the R. S. of 1843, are admissible as original evidence.

Where lands are demised for a definite term, no notice to quit is necessary.

An entry upon real estate adverse to the lawful owner, will not be presumed, but must be proved.

APPEAL from the Hendricks Circuit Court.

PERKINS, J.—Ejectment on the demises of Turner and Cavett against Pierson and Mathewson. There are five demises; some joint, some several, some for the whole,

and some for parts of the premises. The defendants entered into the consent rule, admitted themselves in possession of the undivided four-sevenths of the premises described in the declaration, and pleaded the general issue. There was a recovery by the plaintiff. The evidence is upon the record, and shows the following facts:

*Siddens* and *Lewis*, by two deeds, bearing dates 1834 and 1835, conveyed the whole of the premises mentioned in the declaration, to *Charlotte Bronaugh*, (then the wife of *Thomas Bronaugh*,) and her heirs. *Bronaugh* and wife took possession, and had children born alive. In 1839 said *Charlotte* departed this life, leaving her said husband and children in possession of the lands. Some short time afterwards, *Cavett*, one of the lessors of the plaintiff, was appointed guardian of said children, went into possession with them, and, on the 1st of *March*, 1846, leased, by a written instrument, the lands in question, for the term of two years, to *Augustin Pierson*, one of the defendants.

On the 19th of *November*, 1847, *Thomas Bronaugh* conveyed to *Job Turner*, one of the lessors of the plaintiff, three-sevenths of his life estate in said lands, and on the 20th day of *December*, of the same year, he conveyed to said *Turner* three other sevenths of his life estate in the same lands; and, on the 16th of *November*, 1847, he conveyed to *Moses Cavett*, the other lessor of the plaintiff, the remaining seventh.

On the 4th of *December*, 1847, said *Thomas Bronaugh* executed the following instrument:

"Received of *John Paine* 25 dollars for my interest in the following described tract of land: the west half of the south-west quarter of section four, and twenty-six acres off the south end of the east half of the aforementioned quarter section, and the east half of the north-west quarter of section nine, all in township fifteen north, of range two west, in the county of *Hendricks*, state of *Indiana*, estimated to contain seventy-seven acres.

"Given under my hand and seal this 4th day of *December*, 1847.

"*David A. Higgins.*          *Thomas Bronaugh*, (SEAL)."

The lands mentioned in this instrument are in controversy in this suit.

*Paine* subsequently deeded to *John C. Hogin*, and *Hogin* to *Brockholst Mathewson*, one of the defendants below. The defendants also gave in evidence deeds from some of the heirs of *Charlotte Bronaugh* for their interests, respectively, in the premises.

The plaintiff, in proving the title of his lessors, gave in evidence copies, from the recorder's office, of the deeds on which he relied.

If *Siddens* and *Lewis* had title to the lands in controversy, then *Thomas Bronaugh*, in right of his wife, had a life estate in them, which he could convey to the lessors of the plaintiff; and it appears that he did duly execute and deliver to them deeds therefor. Any deeds by the heirs of *Charlotte Bronaugh*, could convey but a reversionary interest, giving no right of possession till *Thomas Bronaugh's* death should occur. But it is said that the motion for a new trial, which was made, should have been granted, because no patent from the *United States* to the lands sued for, was given in evidence. This is a mistake. The plaintiff traced title to a person in possession under a deed, and to the same source from which the defendants derived their titles. Under such circumstances it was unnecessary to show a patent from the government.

Again: it is objected that copies of deeds from the recorder's office were given in evidence by the plaintiff. But they were not objected to at the time on that ground, and had they been, the objection must have been unavailing, as the R. S. pp. 422, 728, expressly authorize copies to be given in evidence.

Again: it is insisted that three months' notice to quit, prior to the end of the current year, should have been given to *Pierson*. If *Cavett's* lease to *Pierson* was of any validity, still section 155, p. 817, of the R. S. sufficiently answers this objection. It is, that " where any lands," &c., " are demised for a definite term," " no notice to quit shall be necessary."

It is further urged that at the time *Thomas Bronaugh*

conveyed to the lessors of the plaintiff, there was an adverse possession by his children, and *Cavett*, their guardian, and that, hence, his deeds were void.    The evidence shows the simple fact that they were in possession, but it does not show how they were claiming title, and we do not think we should presume, under the evidence in this case, that they were so claiming adversely to the father. An entry adverse to the lawful owner is not to be presumed.   3 John. Cases, 124.    It is also claimed, on the authority of *Gambril* v. *Doe*, 8 Blackf. 140, that the instrument executed by *Thomas Bronaugh* to *Paine*, conveyed the legal estate in the lands, and being older than one of the deeds to *Turner*, showed title out of *Bronaugh* at the time of said conveyance to *Turner*.    But said instrument to *Paine* is widely different from that in the case cited, and contains no words of conveyance whatever.    It did not convey the legal title.    We see no ground for reversing this case.

*Per Curiam.*—The judgment is affirmed with costs.

*C. C. Nave*, for the appellants.

*J. S. Harvey*, for the appellee.