# COUNTY OF OXFORD.

## PROPRIETORS OF ROXBURY *versus* HUSTON.

No laches are imputable to a party who suffers a default in an action where a defence would be unavailing.

The tenant having entered into possession of the premises under one who disseized the true owner, is not liable to the latter in an action for use and occupation, though he may have promised by parol to pay the rent, unless an entry has been made to purge the disseizin.

No exceptions lie to the rulings of the presiding Judge in matters of law, relating to an action submitted to him for decision under § 12 of c. 246 of Acts of 1852, without an express reservation of that right in the agreement of the parties.

ASSUMPSIT to recover rent for a lot of land which the defendant occupied from March, 1845, to March, 1846.

In Feb. or March, 1845, the defendant wished to hire the premises of the agent of plaintiffs, who told him the rent was $20, per annum, and he promised to pay it, and afterwards used the premises, and it appeared that such was a reasonable price.

Other evidence was also introduced tending to show, that one Palmer, twenty-five years since, entered upon the land under a contract for a deed, and had by himself, and those occupying under him, held the same till the commencement of this suit; that he claimed to have paid for it, and held adversely; that he leased the same, and in 1843 the tenant entered into possession under him; that Palmer commenced an action for the rent sued for in this action, in which defendant was defaulted and paid the same; that he offered to pay plaintiffs if they would indemnify him, but no indemnity was given.

It appeared by the record, that plaintiffs had commenced a suit to recover the premises of one James Hunter at the same time this suit was commenced, who defended the same,

claiming title under said Palmer, and that the title was adjudged to be in plaintiffs.

There was no evidence of any entry on the part of plaintiffs, to purge the disseizin of Palmer.

The cause was taken from the jury and submitted to the decision of the presiding Judge, (APPLETON, J.,) who directed a nonsuit, which, according to the report, if erroneous and the plaintiffs have made out a case, is to be taken off and a default is to be entered.

*Walton,* for defendant, argued that the defendant was estopped to deny Palmer's title, and should be protected in paying his landlord's rent; that the promise to plaintiffs' agent was without consideration and void. Nor had the plaintiffs been delayed or prejudiced. 22 Maine, 395; *Byrne* v. *Beeson,* 1 Douglass, 179.

Before the tenant could make any valid agreement with another, he must surrender the possession he acquired from his landlord. 12 Maine, 478.

And that furthermore this action was not rightfully before the Court. It had been submitted to the decision of the presiding Judge at the trial, and his decision was final.

*Rawson,* for plaintiffs.

The opinion of the Court, TENNEY, J., taking no part in it, not being present at the hearing, was drawn up by

APPLETON, J. — The defendant entered into the possession and occupation of the premises, for which the plaintiffs claim rent, as a tenant to one Benjamin Palmer, who before such entry had disseized the plaintiffs. Having entered under Palmer, and as his tenant, he was estopped to contest his title. He would not be permitted as against his landlord to set up the title of the plaintiffs. *Doe* v. *Mills,* 2 Ad. & El. 17; *Sharpe* v. *Kelley,* 5 Den. 431. The defendant then being liable to Palmer, could not have resisted his suit for rent, and is guilty of no negligence in not attempting a defence, which must have been unavailing.

The plaintiffs being disseized by Palmer, could not main-

tain an action against him, as in such case there was no express promise to pay, and the law would not imply one. *Larrabee* v. *Lumbert*, 34 Maine, 79. Nor while the disseizin continued, would they be in any better condition to recover against the defendant.

It was held in *Meredith* v. *Gilpin*, 6 Price, 146, that to constitute a valid attornment, the consent, or at least the knowledge of the landlord must be shown. The tenant must first surrender the possession to his landlord, before he can make any valid agreement to become the tenant of another. *Moshier* v. *Reding*, 3 Fairf. 478. A contract by which a tenant is induced to desert his landlord, is corrupt and void, and the person to whom he has attorned cannot maintain an action upon it. And if an adverse claimant tampers with a tenant, and gets possession, either by his consent or a collusive recovery, he is estopped to deny the landlord's title. 1 Hilliard's Abr., c. 15, § 98. In *Cornish & al.* v. *Searell*, 8 B. & C. 471, the defendants had attorned to the plaintiffs, and had agreed to hold the premises for such time, and on such conditions as might subsequently be agreed upon; but as the defendant had not received the possession of the plaintiffs, and as the lease to which he was a party had not been surrendered, the agreement was held void for want of consideration, and the action not maintainable. The parol agreement in this case was without consideration, the defendant never having received the possession from the plaintiffs, they never having entered to purge the disseizin of Palmer, and the tenancy of the defendant under Palmer not having been terminated.

This action was submitted to the presiding Judge, under the provisions of the Act relating to the Supreme Judicial Court and its jurisdiction, approved April 9, 1852. By c. 246, § 12, it is provided, that "the Justice presiding at any term holden for jury trials shall hear and determine all causes whatsoever without the intervention of a jury, when both parties shall have so agreed and entered such agreement on the docket, and he shall direct what judgment shall

be entered up in all causes so by him decided." It will be perceived, that by § § 13 and 14, provisions are specially made for presenting to the consideration of the full Court, any questions of law which might arise, and when either party might desire their determination of the matter. In this section no such provision is found. The obvious intention of the Legislature, was to make the adjudication of the presiding Judge final and conclusive. This section confers on the presiding Judge the power to determine all causes, when both parties so agree and enter their agreement upon the docket, and that he shall direct what judgment shall be entered up. No exceptions are given in terms and the whole language of the Act shows none were intended. The design was to make his decision the end of all controversy, not that the losing party, after having agreed to submit to the decision of the Judge, and that he should direct what judgment should be entered up, should be permitted indefinitely to renew litigation. A statute with similar design has recently been enacted in England. The decision of the presiding Judge in all matters of law or fact, submitted to his determination under this section, is final.

By recurrence to the report of the commissioners, accompanying the Act of 1852, it will be perceived, that the object to be effected by the provision under consideration was in accordance with the construction above indicated.

The parties may agree that the presiding Judge shall hear the cause, and upon hearing decide the facts, reserving by express stipulation the right to except to his ruling as to any question of law which may arise. Such was the case in *Trustees* v. *Reed, ante,* p. 41, where the parties expressly reserved the right to except to the rulings of the presiding Judge, as to any questions of law which might arise.

The language used by the Court in that case was general, but it should be construed in connexion with the facts presented for determination. The point there to be decided was, whether the parties could by any stipulations reserve the right to except. They undoubtedly may do so; but in the

absence of such express stipulations, the reference under §
12, gives the Court full power to make a final decision of
the matter submitted, to which there can be no exceptions.

*Plaintiff nonsuit.*