### BUCKLEY ET AL. *v.* TAGGART.

ADVERSE POSSESSION.—*Possession of Trespasser Subservient to Owner.*—One who enters upon land without any title or claim or color of title thereto holds possession thereof in subservience to the legal owner.

SAME.—*Color of Title Acquired by Trespasser.*—*Tax Title.*—*Conveyance of*

*Land Adversely Held.—Real Estate, Action to Recover.*—If such person, while so holding possession, obtain a conveyance for the land under a sale of the same for taxes, and thereafter claims possession as the owner under such conveyance, a subsequent conveyance of the same land, by the legal owner to a third person, is void as to him in possession, and such subsequent grantee can not, under his conveyance, maintain an action in his own name to recover the land, though such tax title be invalid.

From the Bartholomew Circuit Court.

*W. W. Herod* and *F. Winter*, for appellants.

*F. T. Hord*, for appellee.

Worden, J.—This was an action by the appellee, Taggart, against the appellant Buckley and others, to recover certain real estate.

Lewis H. Weller, who was made a defendant, filed an answer by way of counter-claim, setting up title in himself to the land, and praying a recovery thereof, and that his title might be quieted as against a tax deed held by Buckley.

The cause was tried by the court, resulting in a finding and judgment for the plaintiff, over a motion by Buckley for a new trial.

The material facts of the case, as gathered from the evidence, seem to be as follows :

It is not disputed that in 1871 Lewis H. Weller was the owner of the land. At that time the land was unoccupied, but had a little clearing of five or six acres with a cabin upon it. Otherwise the land was unenclosed. In 1871 the defendant Buckley entered upon the enclosure and took possession thereof as a trespasser and without right. He had, however, possession of no portion of the unenclosed land until after his purchase of the land at a tax sale hereinafter mentioned.

On the 5th of February, 1872, the defendant Buckley bought the land for taxes, and soon after received the auditor's certificate of purchase, and on the 6th of February, 1874, he received the auditor's deed. Buckley seems to

have taken possession of all the land by virtue of his pur-chase at the tax sale, claiming to own it in good faith, so far as we can see, believing his tax title to be valid. It is not claimed, however, that the tax title was valid, and we therefore need not enter upon the consideration of its validity.

On the 7th day of March, 1874, Lewis H. Weller and his wife executed a conveyance of the land to Adoniram J. Weller, and on the 16th day of March, 1874, Adoniram J. Weller and his wife executed a conveyance of the land to the appellee, Taggart.

Afterward, on the 11th day of December, 1874, Lewis H. Weller and his wife executed a quitclaim deed for the land to the defendant Buckley.

It is claimed by the appellant, that, as he was in posses-sion of the land, claiming title thereto by virtue of his tax deed, which gave him color of title, at the time of the exe-cution of the deed from Lewis H. Weller to Adoniram J. Weller, the latter deed was void as to the appellant, and in this view we concur. The same may be said in respect to the deed from Adoniram to the appellee, Taggart. These deeds being void as to Buckley, they convey no title to the land as against him, and Taggart, therefore, could not recover the land, in his own name, from Buckley. See *Steeple* v. *Downing*, 60 Ind. 478.

The counsel for the appellee, in order to avoid the effect of the adverse possession of the land by Buckley at the time of the execution of the deed by Lewis H. Weller, state two propositions:

1. That the law presumes, the contrary not being shown, that a man in possession without title intends to hold for the true owner; that, when he enters without claim or right, the law adjudges the possession to be in subservience to the legal owner. *Jackson* v. *Thomas*, 16 Johns. 293; *Harvey* v. *Tyler*, 2 Wal. 328; *Pierson* v. *Doe*, 2 Ind. 123.

2. That a party in possession of lands in privity with the rightful owner 'is incapable in law of imparting by any act of his own an adverse character to his possession; and, in order to deny or dispute the title, he must first surrender the possession and place the owner in the condition in which he stood before the possession was taken under him.

The first proposition may be conceded. It is sustained by the authorities above cited, and others. Buckley, however, was only in possession of a small portion of the land before his claim arose under his tax title. He could. not be required to surrender that which he did not possess, before setting up his adverse claim under his tax deed. But we will consider the case as if he had been in possession of the whole land before the accruing of his tax title. The question then arises whether Buckley, being thus in possession of the land without title, and in subservience to the title of the true owner, could, upon the accruing of his tax title, set up a claim to the land, under that title, adverse to the true owner, without first surrendering to him the possession. We think he might; and that the second proposition above stated, though it might be correct as applied to some states of facts, has no application to such a case as the present. In the case of *Jackson* v. *Thomas, supra,* the court said, SPENCER, C. J., delivering the opinion: "If one enter on land without any title or claim, or color of title, the law adjudges the possession to be in subservience to the legal owner, and no length of possession will render the holding adverse to the title of the owner; but if a man enters on land, without claim or color of title, and no privity exists between him and the real owner, and such a person, afterwards, acquires what he considers a good title, from that moment his possession becomes adverse."

A tenant, it is true, may not set up a title hostile to that

of his landlord.   He may, however, acquire a title consist-
ent with the right asserted in making the demise to him,
but he cannot set up any thing in derogation of that de-
mise.   But he may, during his term, acquire his landlord's
title to the property by purchase at a tax or sheriff's sale.
This is not acting in hostility to the title of his landlord,
but in consistence with it. *Sharpe* v. *Kelley*, 5 Denio, 431.

We are of opinion, that, on the facts shown, the plaintiff
was not entitled to  recover on the ground that the ad-
verse possession of Buckley, under color of title, at the
time of the execution of the deeds under which the plain-
tiff claims title, renders those deeds void as to Buckley.
We have not considered the effect of the deed subsequent-
ly executed by Lewis H. Weller to Buckley, the question
not having been discussed by counsel.

The judgment below is reversed, with costs, and the cause
remanded for a new trial.