Westbrook, J.
— This action was brought to trial at the Ulster Circuit, held in February, 1884. It was submitted to the court for a decision upon the following facts, which were agreed upon:
The defendant, Peter Marcinkowiski, on the 27th day of December, 1870, purchased the premises described in the complaint from Alanson Gillespie. On the 31st day of October, 1871, he, in connection with his wife Catharine A., mortgaged the premises to one James G. Terbell. Default having been made in the payment of such mortgage, Terbell, *332 by action in this court, foreclosed the mortgage and became the owner and purchaser of such premises at the foreclosure sale on the 2d day of May, 1879. On the 10th of April, 1880, Terbell and wife conveyed the premises to William Chambers, who in a few days thereafter conveyed the same to the plaintiff.
Peter Marcinkowiski has been in the actual occupation of the premises since the purchase by him, occupying the same as owner until the time of the foreclosure sale, and after that date as tenant of the subsequent owners of the property and of the plaintiff.
On the 9th of October, 1879, the premises were sold for the non-payment of taxes levied in the year 1878 by the treasurer of the county of Ulster, and on such sale were purchased by the treasurer in pursuance of section 7, of chapter 260 of the Laws of 1881. After his purchase the county treasurer gave the notice by publication required by section 12 of said act, but the premises were not redeemed within two years from the time of sale as required by law, and the treasurer conveyed by deed as authorized by the act aforesaid the premises to Catharine A. Marcinkowiski for about the sum of seventy-four dollars. The defendant Peter Marcinkowiski was in the actual possession of the property at the time of the tax sale and still continues in the possession theretif. The plaintiff did not know that there were any unpaid taxes upon said premises, nor that the premises had been sold on account of non-payment of taxes until after the giving of the tax deed to Catherine. James G. Terbell, the purchaser of the premises at the mortgage foreclosure sale, and William Chambers, his grantee, and the grantor of the plaintiff, were also ignorant of the existence of any unpaid taxes and of such sale. Uo other notice of the sale and purchase of the premises on account of the non-payment of taxes was given than the advertisement which has already been mentioned. On the 4th day of February, 1882, the plaintiff presented to Catherine A. Marcinkowiski g, notice in writing to the occupant of the *333 premises requiring him to redeem the premises from such sale, which the said Catherine refused to do or to give any notice to the occupant.
On the 23d of February, 1882, the plaintiff caused to be tendered to the county treasurer of Ulster county an amount sufficient to redeem the premises from the tax sale, which amount the said county treasurer refused to receive. The value of the premises is about §800. Upon these facts the plaintiff insists that he is entitled to redeem the premises from the sale, and asks that a decree should be made giving him such right to redeem.
By section 7 of chapter 260 of the Laws of 1881, to which chapter reference has already been made, the county treasurer of Ulster county was “ empowered to acquire and hold” any lands which were sold for taxes, “ and after the two years for redemption has expired * * * to sell and convey ” the premises as such section directs. The county treasurer of Ulster county did “ acquire and hold ” the premises described in the complaint under and in pursuance of the act aforesaid, and after the expiration of two years conveyed the same to Catherine A. Marcinkowiski one of the defendants. It is admitted that prior to the sale to Catherine, the county treasurer gave the notice required by section 12 of the act aforesaid by publication. That section provides “ that as to all lands acquired and held by the county, such notice shall be sufficient in lieu of all notice required by law.” Such a notice by publication dispenses with the personal notice required by the general laws (2 R. S. [7th ed.], 1030, sec. 68) to be given to the actual occupant, even though the expression — “ the person occupying such land ”— used in the statute be applicable to the plaintiff.
It was argued, however, in behalf of the plaintiff, that as the lands were not now held by the county, section 12 of the act of 1881 was not applicable to him. But they had been acquired and were “held” by the county at the time the notice required by such section 12 was given, and the question *334 is as to the sufficiency of the notice while the county “ held ” them. The county having acquired title, and having cut off all right to redeem, was in a position to sell and transfer its rights to another.
It was further argued that though the act of 1881 has repealed the law as to the necessity of serving a personal notice on the occupant to redeem, the owner still has six months to redeem. This position is unsound, because the additional six months time after the lapse of two years exists only in favor of a person entitled to a personal notice to redeem. As section 12, aforesaid, abolishes the need of notice by personal service when the county “ acquired and held,” it follows that there is no six months after the expiration of the two years in which the owner may redeem.
It is also apparent that section 12 was intended to cut off the necessity of a personal notice to the occupant when the county had become the purchaser at the sale from other sections of the act. Section 7 almost directly so says when it declares “ after the two years for redemption has expired,” the county treasurer may “ sell and convey.” If there was in any case more time given, why the expression “ the two years for redemption ? ” and why authorize in all cases after that time elapses a sale and conveyance, which sale and conveyance (secs. 10 and 11) vests the title in the purchaser ? During the examination of this case the thought suggested itself to my mind whether or not the right of the plaintiff to redeem could be preserved, as he was the landlord of the occupant of the premises, and such occupant being the husband of the purchaser from the county treasurer, and residing probably with her husband upon the premises. It seemed to my mind at first that it would be unjust to permit the tenant occupying the premises to acquire the title to the same as against his landlord who was ignorant of the existence of the tax and of the sale of the premises. The courts, however, have held that a tenant is authorized as against his landlord to acquire an outstanding title (Nellis agt. Lathrop, 22 Wend., 121; *335 Hoag agt. Hoag, 35 N. Y., 469). The title of the owner was extinguished by the sale. His right to redeem was cut off by the notice given pursuant to section 12 of the act, and as the county of Ulster had become the owner, there was under the cases which have been cited nothing to prevent the wife of the tenant from becoming the purchaser.
The complaint of the plaintiff is therefore dismissed, but without costs. The action is an equitable one, and costs are in the discretion of the court. While the tenant could legally acquire the title, yet his conduct in taking advantage of his knowledge to acquire the title is not commendable.