*W. S. Holman*, for the appellant.

*J. W. Gordon*, for the appellee.

---

## COATS and Others *v.* KIGER.

If either party to a submission to arbitration fail to perform the award, the other party has two remedies. He may have the award made a judgment of the Court designated in the agreement to submit, or he may have an action upon the arbitration bond.

But neither of the remedies can accrue against a party who has not been served with a copy of the award.

APPEAL from the *Howard* Circuit Court.            *Wednesday,*

DAVISON, J.—*Kiger* brought an action against *Caleb* *May* 30. *Coats*, *Morgan A. Chesnut*, and *Benjamin Thompson*, upon an arbitration bond. The bond is in the penalty of 500 dollars, conditioned to abide and perform the award or umpirage of *Solomon Fortner* and *Hiram Jones*, to whose award and determination said *Kiger* and *Coats* had, at the date of the bond, by their agreement in writing, agreed to

submit all matters of difference between them in relation to the purchase and sale of hogs, and that such submission be made a rule of the *Howard* Circuit Court.

The submission is as follows:

"We, *Abraham Kiger* and *Caleb Coats*, hereby agree to submit to the arbitration of *Solomon Fortner* and *Hiram Jones*, mutually chosen by the parties, all matters in difference between them, in relation to their partnership in the purchase and sale of hogs; and in case of disagreement, the arbitrators to select an umpire. We further agree, that said arbitration shall be made a rule of the Common Pleas Court of *Howard* county. Witness our hands and seals, this 31st of *May*, 1856. *Abraham Kiger, Caleb Coats.*"

Plaintiff, in his complaint, avers that the arbitrators on the 10th of *June* next following the date of the submission, made their award in writing, by which they awarded that *Coats* should pay *Kiger*, the plaintiff, 366 dollars, and costs taxed at 60 dollars, 70 cents. It is averred that *Coats* did not abide and perform the award in this, that he did not pay the sum awarded, ·or any part of it; wherefore, &c.

Defendants demurred to the complaint; but the demurrer was overruled, and they excepted. Against this ruling of the Court, the defendants rely upon two grounds—

1. The complaint does not allege that the submission was made a rule of Court.

2. It is not shown that a copy of the award was delivered to *Coats*.

The statute relative to arbitrations, under which the parties in this case proceeded, provides: "If either of the parties shall fail or refuse to comply with the award, the other party may .file the same, together with the agreement of submission, in the Court named in the submission." And upon the submission being proved, and proof that a copy of the award has been duly served on the party against whom the rule is asked, the Court shall cause the submission and award to be entered of record, and grant a rule against the adverse party to show cause, &c., why judgment on the award shall not be rendered, &c.

2 R. S. pp. 227, 228, 229, §§ 1 to 13. These enactments do not, in our opinion, imperatively require the party to file the submission and the award in the Court named in the agreement to submit. They simply authorize him to do so in case he elects to have the award made a judgment of the Court. But the statute requires the parties to execute bonds with condition to abide and faithfully perform the award. *Id.*, § 3. And it may be well construed so as to allow the successful party, if he prefers it, to sue on the bond, without filing the submission and award under the agreement that the submission be made a rule of Court. The statute, if either party fails to abide and perform the award, evidently gives the other two remedies, either of which he may adopt. He may have the award made a judgment of the Court designated in the agreement to submit, or he may have his action on the arbitration bond. Unless he can pursue the latter remedy, we are unable to perceive the purpose intended by the requirement of such a bond. This conclusion is fully sustained in *Dickerson* v. *Tyner*, 4 Blackf. 253. And the result is, the first ground of demurrer is not well taken.

The second ground, it seems to us, is fatal to the complaint. The statute to which reference has been made, says: "A true copy of the award and of the costs shall be delivered to each of the parties, or left at his usual place of residence by one of the arbitrators, within fifteen days after the signing of the award." *Id.*, § 11. Unless this statutory requirement was fulfilled, the defendant, *Coats*, is not in default in failing to abide and perform the award. Indeed, he could not legally know that a final award had been made under the submission, until such a copy was served upon him in the mode prescribed by the statute.

Other points are made on the discussion of this case; but they will not be noticed, for the reason that the award (no copy of it having been served on the defendant within fifteen days after its rendition) is inoperative.

May Term,
1860.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*L. Chamberlin, R. Vaile,* and *H. Brouse,* for the appellants.

*N. R. Lindsay* and *T. J. Harrison,* for the appellee.