## KIGER *v.* COATS.

The giving of notice of an award, on Sunday, is valid, it not being an act of common labor, nor a judicial act, nor one specially prohibited by any statute, and being a mere ministerial act connected with a judicial proceeding.

APPEAL from the *Howard* Circuit Court.

PERKINS, J.—This was a suit upon an arbitration bond. The leading facts of the case are stated in *Coats* v. *Kiger*, 14 Ind. 179. It is there decided that in statutory arbitrations copies of the award made must be furnished to the parties to the submission. And the only question presented to this Court by the record now before it is, whether the delivery, by the arbitrators, of copies of such award to such parties, on the Lord's day, commonly called *Sunday*, is operative, the

award having been made and signed, and the copies drawn on *Saturday.*

Prior to the establishment of the christian religion, all acts valid on any day were valid when performed on the first day of the week.

After the establishment of that religion, acts done on the first day of the week were valid until the rule was changed by law. The church changed the rule, as matter of discipline, in 517, so far as to prohibit judicial acts on that day. This rule, subsequently, became a part of the common law; but this did not apply to ministerial acts; writs still continued to be returnable on *Sunday. Swarm* v. *Browne,* 3 Burr. 159, 5 S. C.; 1 Wm. Black. Rep. 496; and again at 526. Courts may adjourn to, and on *Sunday. Ibid. McCorkle* v. *The State,* 14 Ind. Verdicts may be received on that day. *Ibid.* In *Mathews* v. *Ansley,* 31 Ala., p. 20, the Court says: "It is laid down in books of the highest authority, that, at common law, the christian Sabbath was *dies non juridicus;* and that no judicial proceeding could be had on that day. It was declared with equal clearness, that acts purely ministerial might be legally performed on that day. Mackalley's case, 9 Rep. 66; S. C. Cro. Jor. 279; *Wilson* v. *Tucker,* 1 Salk. 79; *Drury* v. *DeFontaine,* 1 Taunt. 135; *Lyon* v. *Strong,* 6 Verm. 219; *Story* v. *Elliott,* 8 Cow. 27. See, also, *Shippy* v. *Eastwood,* 9 Ala. 198; *Hooper* v. *Edwards,* 18 *id.* 280; *Sayles* v. *Smith,* 12 Wend. 57. [See the cases cited in *Cory* v. *Silcox,* 5 Ind. 370; and in Smith on Cont., by Rawle, *vide* p. 171.]

The service of the process of attachment is a purely ministerial act; and not being within the provisions of any section of the code, it follows that no valid objection can be urged to its execution on the Sabbath day." It was also held that it did not fall within the statute against common labor. *Ibid.*

As the common law prevails in *Indiana,* judicial proceed-

Kiger *v.* Coats.

ings on *Sunday* will not be legal here, unless authorized by statute. But the giving of notice of the award in question was not a judicial proceeding. We have a statute prohibiting the pursuit of one's ordinary avocation on *Sunday;* but it does not appear that acting as arbitrators was the ordinary avocation of those who made and gave notice of the award in question. See *Voglesong* v. *The State,* 9 Ind. 112; *The State* v. *Conger, id.* 396; *Banks* v. *West,* 13 *id.* 203. And in *Strong* v. *Elliott,* 8 Cow. p. 27, it is held that the making of an award does not fall within the statute prohibiting common labor. In New York they have an additional statute prohibiting the service of process on *Sunday.*

The giving of notice of the award, then, not being an act of common labor; not being a judicial act, and not being specially prohibited by any statute; but being simply a ministerial act, in connection with a judicial proceeding, would seem to be valid, especially as the notice seems to have been received without objection. And the case of *Sargeant* v. *Butts,* 21 Verm. 101, is directly in point, that an award might be signed, and notice of it given, to the parties on *Sunday,* where the arbitrators had entered upon and failed to complete the duty on *Saturday.* See the case noticed in Smith on Contracts, by Rawle, *vide* p. 173, note, in connection with *Richardson* v. *Kimball,* 28 Maine 475. It may be remarked that, at common law, contracts made on *Sunday* may be valid. But it is held, in this State, that they fall within the statute prohibiting common labor. *Banks* v. *West, supra.* Also the cases cited in *Thomason* v. *The State,* 15 Ind. 449.

*Per Curiam.*—The judgment is reversed, with instructions to sustain the demurrer to the paragraph of the answer setting up notice on *Sunday.*

*N. R. Lindsay,* for appellant.

*Henry A. Brouse,* for appellee.