JAMES GLENDENNING, Adm'r, Respondent, *v.* DAVID McNUTT and FRED PHILLIPS, Appellants.

Probate Courts—Jurisdiction.—When the existence of jurisdiction of inferior courts, of which the probate court is one, is proved or conceded, the maxim *omnia rite acta* applies to them as well as to courts of general jurisdiction, and every intendment must be in support of the proceedings.

Jurisdiction—Probate Court.—Jurisdiction of the subject-matter is one thing and the exercise of it another. An irregular or erroneous exercise of its jurisdiction, by a probate court, will not render its proceedings void, but voidable only.

Judicial Acts—Ministerial Acts—Non-judicial Day.—The act of appointing an administrator of an estate by a probate court is a judicial act, while that of issuing letters of administration is merely ministerial; therefore, the statute, only forbidding the transaction of judicial business on Christmas day, letters issued on that day are not void.

Errors which do not Prejudice.—Where the district court refused to admit evidence which, if admitted, would have been against the party seeking to introduce it, such party can not avail himself of such refusal as error, even though such evidence should have been admitted.

Collateral Attacks—Administrator.—Where an administrator of a deceased person's estate brings an action upon a promissory note due the estate, the authority of such administrator can not be attacked by the defendant, on the grounds that his appointment was irregularly made. Having no interest in the estate, it is a matter of no importance to the defendants, if they would be protected from a second payment of the same sum.

Appeal from the district court, third judicial district, Lemhi county.

*Huston & Gray*, for the appellants.

*George Ainslie and E. T. Beatty*, for the respondent.

WHITSON J., delivered the opinion. HOLLISTER, J., concurred.

This is an action brought by James Glendenning, claiming to be administrator of the estate of William Smith, deceased, against David McNutt and Fred Phillips, to recover a balance due upon a promissory note by them to said Smith during his life-time. The complaint alleges the appointment of Glendenning and the performance of the duties of administrator at the time of the commencement of the action by him. The answer puts in issue only the legal and due appointment of Glendenning, and that he ever has had any legal authority to act as such administrator. Judgment was rendered for the plaintiff in the district court in and for Lemhi county; sitting without a jury and from such judgment defendant appeals to this court.

It is claimed by the appellants' counsel that no legal appointment of Glendenning was ever made: 1. Because the precedent steps, required by the statute, were never taken; and, 2. Because the appointment was made on Christmas, a non-judicial day.

In support of both propositions it is urged, that nothing will be presumed in favor of the jurisdiction of an inferior court. The appointment of the administrator may have been irregular, but an attack upon his authority can only be made in cases of this kind, where the appointment is absolutely void. If the appointment is only voidable, in no collateral proceeding can the authority of an administrator to act within the sphere of his prescribed duties be questioned. If the court had such authority and only exercised it irregularly, it can be a matter of no importance to these defendants, as a payment of the amount in controversy to the plaintiff would be a bar to any future liability against them for the same amount. The law can only protect them against the payment of this note in case they might be liable to pay the same a second time.

In the case of *Emery* v. *Hildreth*, 2 Gray (Mass.) 228, the supreme court decided that "the regularity and sufficiency of the appointment of an administrator by a probate court

having jurisdiction to appoint one on the estate, can not be drawn in question in an action brought by the administrator against a stranger, to recover a debt due to the intestate." This authority would seem to be conclusive of the whole subject, supported, as it is, by numerous others of as high a character, did not the appellants claim that the appointment was not only irregular, but void—irregular and void because of the want of many of the steps required by statute in the appointment of an administrator, and absolutely void because the appointment was made on a non-judicial day.

Appellants claim that the court erred in refusing to allow the introduction of the probate record by which they expected to show that all the steps required to be taken by the probate court in the appointment of an administrator were not followed, and that the appointment was therefore void for want of jurisdiction of the probate court. Jurisdiction of the subject-matter does not depend upon the manner of its exercise. The probate court, in the appointment of this administrator, did not want for jurisdiction, for the reason that it might have exercised such jurisdiction irregularly or erroneously, and therefore its proceedings were not void for want of jurisdiction.

In the case of *Cheeps* v. *Durdon et al.*, in 1 Smith's Leading Cases, the court says, the strictness with which the proceedings of inferior tribunals are scrutinized only applies to the question of jurisdiction, and when the existence of jurisdiction is proved or conceded, the maxim *omnia rite acta* applies to them as well as to courts of general jurisdiction. If, said Tindall, C. J., in *Demster* v. *Purnell*, it appear on the face of the proceedings that the inferior courts have jurisdiction, every intendment will be made in order to support them, but if it do not so appear, if the point be left in doubt, no such intendment will be made. Can there be any doubt in this case that the probate court had jurisdiction to appoint an administrator of the estate of a deceased person?

Most of the cases cited by appellants' counsel are those in which inferior courts had gone beyond the jurisdiction conferred upon them; in other words, had done too much;

while in the case at bar the probate court had done too little.

The only remaining question is, Was the appointment of Glendenning made on a non-judicial day? If such was the case, there would be no question but that it would be void. The letters appear to have been issued December 25, 1871, and the court refused the introduction of any further evidence upon the subject of the appointment. Had the court allowed the introduction of the probate record, it would have shown that the administrator was not appointed on Christmas, but on the day following.

The act of appointing was a judicial act; the act of issuing letters merely ministerial. The statute does not prohibit a ministerial act on a non-judicial day, but only judicial acts. The record presents the strange anomaly of the letters having been issued the day before the appointment was made, or before the letters were granted. In this respect, the error complained of by appellants is one which, if committed, was in their favor, because the record would have shown the letters to have been granted on the twenty-sixth, and not on the twenty-fifth, of December; and it is well settled that no error can be taken advantage of by a party not injured thereby.

In support of the right of this administrator to bring this action, the only question is, was his appointment void? If not, but only voidable, then his authority can not be attacked collaterally, but only by direct proceedings by some one beneficially interested in the estate.

Judgment of the court below is affirmed.