WORTH (ESSLER v.).  See Case No. 4,533a.
30 Fed.Cas.—41

## Case No. 18,051.

### In re WORTHINGTON.

[7 Biss. 455; 16 N. B. R. 52; 1 N. W. Rep. (O. S.) 109; 9 Chi. Leg. News, 346; 4 Law & Eq. Rep. 78; 16 Alb. Law J. 63; 23 Int. Rev. Rec. 233; 2 Cin. Law Bul. 189.] 1

Circuit Court, W. D. Wisconsin. June, 1877.[2]

NON-JURIDICAL DAY—ENTRY OF TRANSCRIPT OF JUDGMENT.

The act of the circuit clerk in filing the docket transcript of a judgment, is a ministerial act, and not void, though done on a non-juridical day, and the judgment creditors thereby acquired a lien upon the real estate of the judgment debtor the same as if done on any other day.

[Cited in Re Boyd, Case No. 1,746.]
[Cited in Whipple v. Hill (Neb.) 55 N. W. 228.]

[Appeal from the district court of the United States for the Western district of Wisconsin.]

In bankruptcy.

Cottrill & Cary, for assignee.

Jenkins, Elliot & Winkler, for judgment creditors.

DRUMMOND, Circuit Judge. On the 24th of December, 1874, Charles E. Storm and Robert Hill recovered a judgment against the bankrupt [R. C. Worthington] in the circuit court of Milwaukee county, for $3,464. On the following day a transcript of the docket was filed in the clerk's office of the circuit court in Wood county, where the bankrupt had, at the time, real estate. Several months after this, proceedings in bankruptcy were commenced, and Worthington was adjudged a bankrupt in July, 1875.

The judgment creditors made an application to the district court to direct the assignee to sell the real estate of the bankrupt, and apply the proceeds to the payment of the judgment, and to permit them to prove their claim for any balance that might be found due. This application was denied by the district court, on the ground that the act of filing the transcript by the clerk in Wood county was void, and gave the judgment creditors no lien upon the property, as it was done on Christmas day—a holiday under the laws of this state. [Case No. 18,052.]

By the law of this state, the clerk of the circuit court was required to keep a book for the entry of judgments, and immediately after entering the judgment the clerk was to file certain papers which were to constitute what was called the judgment roll, which was to contain a copy of the judgment; and after this was done he was to enter in an alphabetical docket, in books to be provided and kept by him, a statement of the judgment, and containing certain particulars as set forth in the statute, namely: the names of the parties, the amount of the debt or dam-

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 4 Law & Eq. Rep. 78, and 16 Alb. Law J. 63, contain only partial reports.]
2 [Reversing Case No. 18,052.]

ages recovered, with the costs, the hour and day of entering in the docket, etc., and then the judgment became a lien upon the real estate of the debtor. And when it was sought to cause the real estate of the debtor to become bound by the judgment in any other county than that where it was rendered, it became necessary to file with the clerk of the circuit court of that county a transcript of the original docket, and from the time of filing it constituted a lien on the property of the debtor in that county.

The question then to be determined in this case, is, whether the act of the clerk in filing the transcript of the original docket in his office on Christmas day, was a nullity under the laws of this state.

The statute declares that no court shall be open, or transact any business on the 22d of February or the 4th of July, unless to instruct or discharge a jury or to receive a verdict, and the 25th day of December and the 1st day of January are declared to be holidays. If the act of the clerk was void, it was so under the common law, or these statutes.

At common law, Sunday was deemed a non-juridical day, during which no courts could transact any business or render any decree. Of course, at common law, some of the days which, under our practice, are deemed non-juridical, were unknown as such; and when they are so declared, the inference would be that the prohibition extends no farther than is named in the statute. It is hardly to be presumed that ordinary business cannot be transacted in this state, and binding contracts entered into, on the 22d day of February or the 4th of July, and the question is, whether because the 25th day of December and the 1st of January are declared to be holidays, that, therefore, no ministerial act can be performed on those days by an officer of this state. It may be conceded that on those days a clerk could not be required to perform any duty connected with his office, because the state has declared it a holiday; but that is a very different thing from asserting that every ministerial act done by the clerk voluntarily on those days is necessarily void. The statute in relation to the 22d of February and 4th of July was passed in 1861; but when there was legislation in 1862 as to the 25th of December and 1st of January there was no prohibition in relation to the courts, except what might be inferred from the fact that they were declared holidays. It was not till afterwards (1869) that it was declared that when the day for the meeting of the court should fall on a legal holiday, it should be adjourned to the following day.

While at the common law no judicial act could be done on Sunday, the authorities seem to agree that mere ministerial acts could be performed, and the service of the process was regarded as a ministerial act, and therefore valid, although performed on Sunday, and the act of 29 Car. II. became necessary in order to render it invalid, and in the case of Van Vechten v. Paddock, 12 Johns. 178, which is relied upon, by the district court, the supreme court of New York, in order to decide that the issuing of process on a Sunday was void, insisted that the awarding of the process was a judicial act, done whilst the court was in actual session, being thus obliged to resort to an acknowledged fiction to sustain its opinion.

If ministerial acts performed on Sunday were not invalid at common law, for a stronger reason those performed on Christmas day would not be invalid. It is a curious fact that while the judge of the court who gave the opinion in Van Vechten v. Paddock, seems inclined to hold that the service of process on Sunday was illegal at common law, the judge who delivered the opinion in Johnson v. Day, 17 Pick. 106, declares that an arrest on civil process on Sunday was legal at common law, and that is the opinion of the judge who decided the case of Pearce v. Atwood, 13 Mass. 324, where the subject is thoroughly discussed. The district court relied upon the case of Lampe v. Manning, 38 Wis. 673, as deciding that the act of the clerk here in question was void. But in fact that case only decided that a trial and judgment rendered by a justice of the peace on the 23d day of February, and which, under the statute, as coming on Monday, was to be treated as the 22d—and, therefore, a holiday—were invalid, and should be regarded as a nullity, and the court says nothing about the effect of ministerial acts done on a holiday. The natural conclusion would seem to be, that when the state legislature in 1861, legislated in relation to the 22d of February and 4th of July, and made prohibitions, and then again legislated in 1862 as to the 25th of December and 1st of January, the prohibitions should not, by construction merely, be enlarged.

It may be admitted that the entry of a judgment by which a man's property is to be bound, or, as it is termed in the statute of this state, the docketing of the same, is a very important act. The entry of the judgment is judicial, but is the docketing of the judgment by the clerk anything more than a ministerial act? There is no exercise of discretion or of judgment, but the language of the statute to him is mandatory. He shall do certain things, and they are particularly described, and in relation to them he can have no discretion; and it would seem that they were mere ministerial acts. And while this is true of the act of the clerk who dockets the judgment in the court where it is rendered, it would seem that where it is transferred to another county and docketed there, that there could be, if possible, less doubt of the character of the act to be performed by the clerk of that county; because all that the statute requires is, that a transcript of the original docket shall be filed with the clerk

of the circuit court of the county, so that all that is necessary for the clerk to do is simply to receive the transcript which is brought to him, and file it, and mark it with the date when it is filed. This certainly can be considered nothing more than a ministerial act, not void at common law, and, I think, not rendered so by any statute of this state.

There does not seem to be any statute of this state, which when fairly considered, declares that no official act shall be performed on a holiday. In referring to holidays I do not intend to include Sundays, as to which there is considerable prohibitory legislation by this state, affecting business, public and private, labor, amusements and the service of civil process.

I think, therefore, the act of the clerk of the circuit court of Wood county, in filing the docket transcript was not void, but that the judgment creditors acquired a lien on the real estate of the bankrupt in that county.

The order of the district court will therefore be reversed; but as the judgment of this court cannot be reviewed in this case, I shall authorize the district court, if it shall consider it best, to permit the judgment creditors to proceed on their judgment, and sell the real estate of the bankrupt in Wood county; and then if the other creditors of the bankrupt desire, the right of the purchaser to the property can be tested by the assignee.