WEIL vs. GEIER.

*October 18 — November 6, 1884.*

*Justices' courts: Issuance of summons on holiday.*

The statute (sec. 2576, R. S., as amended by subd. 19, sec. 2, ch. 194, Laws of 1879) providing that no court shall be opened or transact any business on any legal holiday, does not prohibit a justice of the peace from issuing a summons on such a holiday, that being a purely ministerial act.

APPEAL from the Circuit Court for *Washington* County.

Weil vs. Geier.

The plaintiff recovered a judgment in justice's court against the defendant, and a transcript thereof was duly filed and docketed in the office of the clerk of the circuit court for Washington county. Upon affidavits, the substance of which will sufficiently appear from the opinion, the defendant moved that such transcript be stricken from the records of the circuit court. ' The motion was granted, and from the order entered in that behalf the plaintiff appealed.

For the appellant there were briefs by *Frisby & Turner*, attorneys, and *I. N. Frisby*, of counsel, and the cause was argued orally by *Mr. I. N. Frisby*: The issuance of process is. a merely ministerial act. *Tompkins v. Sands*, 8 Wend. 465; *Cornell v. Cook*, 7 Cow. 315; R. S. sec. 3569. And it is only the judicial acts of courts open and transacting business that are prohibited from being done on Sunday or legal holidays. *Story v. Elliott*, 8 Cow. 30; *Smith v. Wilcox*, 24 N. Y. 356; *Isaacs v. Beth Hamedash Society*, 1 Hilt. 469; *Coleman v. Henderson*, 12 Am. Dec. 291, note; *Rice v. Mead*, 22 How. Pr. 445, 448.

For the respondent the cause was submitted on the brief of *P. & T. O'Meara*.

COLE, C. J. In striking from the record the transcript of the justice's judgment, the circuit court doubtless proceeded on the theory that such judgment was void. It appeared from the docket entries of the justice, which were made a part of the motion papers, that the summons was issued on the 7th of November, 1882, and made returnable on the 20th of that month. It further appeared from the affidavits used in opposition to the motion, that the plaintiff in the action received the summons from the justice on the 8th of November, and delivered it to the constable on the 14th, who served it on that day. The 7th of November was the day of the general election. The question, therefore, is,

Was the summons which was dated or issued by the justice on the day of the general election void?

The counsel for the defendant contend that it is, because, as they argue, the statute makes the day of holding the general election a legal holiday (sec. 2577, R. S.), and further provides that no court shall be opened or transact any business on the first day of the week, or on any legal holiday, unless it be for the purpose of instructing or discharging a jury, or of receiving a verdict. Sec. 2576, as amended by subd. 19, sec. 2, ch. 194, Laws of 1879. These provisions making the day of the general election a legal holiday, and expressly prohibiting the opening of court on that day except for certain purposes, or the transaction of any business, it is said, render a summons issued on that day void.

But we do not think the prohibition of the statute was intended to extend to the date or issuing of a summons in an action, because that is rather a ministerial than a judicial act. The counsel for the plaintiff clearly showed that these acts are distinguishable in their nature, and he quotes some very apposite remarks from the opinion of Chief Justice SAVAGE in *Tompkins v. Sands*, 8 Wend. 466, where this distinction is clearly made. That case involved the question whether a justice, in refusing bail on an appeal in an action tried before him, acted in a judicial or ministerial character. It was conceded that if the act was judicial, as distinguished from ministerial, the action would not lie. The chief justice says: " It may sometimes be difficult to determine whether an act is judicial or ministerial. A justice of the peace, performs acts of both kinds, and which are clearly distinguishable. He issues process in the first instance, and in doing so he acts ministerially — his judgment is not at all exercised. When the parties appear before him, and the cause is heard, he renders judgment; he then acts judicially. After judgment he issues execution; he then again acts ministerially." And, as the same counsel well ob-

served, it is plain a justice does not act as a court in issuing a summons, because he may issue it at any place in the county, but he is required by statute to keep his office for the transaction of business or the trial of causes in the town for which he is elected. Sec. 3569, R. S. It is very questionable whether the prohibition of the statute even extends to the service of civil process, where the defendant is not an elector or entitled to vote at the election. Sec. 74, R. S. But here the service was good, unless the summons was void because issued on election day; but, for the reasons already given, we think the summons was valid, because the issuing of it was not within the prohibition of the statute.

In *Van Vechten v. Paddock*, 12 Johns. 178, cited by defendant's counsel to sustain the order, it was held that process could neither be executed nor issued on Sunday, which is *dies non juridicus*. There the *capias* against the sheriff for an escape was filled up and delivered to the coroner on Sunday. The court held that this was not such a commencement of a suit against the sheriff as would prevent his pleading a voluntary return before suit brought. The *capias* was issued in a court of record, and the decision is put on the ground that the awarding of process, like the giving of judgment, is a judicial act, and is supposed to be done only while the court is actually sitting. But it is plain that the reasoning in that case cannot apply here, because the justice, as we have said, is permitted to issue a summons away from his office, and anywhere in his county. In *Gladwin v. Lewis*, 6 Conn. 49, cited by the same counsel, it was decided by a court equally divided that the service of civil process on a day appointed by proclamation for public thanksgiving was prohibited by the Connecticut statute, and was void. We have referred to sec. 74 of our statute, which, by the strongest implication, makes such service on election day good, where the defendant is not an elector. In *Lampe v. Manning*, 38 Wis. 673, the cause was tried by the justice,

and judgment rendered on a legal holiday, and such judgment was held void as coming within the express prohibition of the statute.    This case is, doubtless, in conflict with *Rice v. Mead*, 22 How. Pr. 445, where the court decides that a justice was not prohibited by the statute of New York from rendering a judgment on the day the general election is held, in a cause that had been tried before and submitted to him on a previous day.    But, not longer to dwell on the case, it is sufficient to say that, in view of the various provisions of our statute, we do not think a summons issued by a justice on a legal holiday is a void process.

It follows from these views that the order of the circuit court, striking from the records of said court the transcript of the justice's judgment, was erroneous, and must be reversed.

*By the Court.*— It is so ordered, and the cause is remanded for proper proceedings herein.