Filed Jan. 5, 1886.

---

No. 12,281.

HADLEY ET AL. *v.* MUSSELMAN.

TAXES.—*Personal Property.*—*Redemption.*—*Act Repealed.*—The act of March 13th, 1875, providing for the redemption of personal property sold for taxes, was repealed by the act of March 29th, 1881, concerning taxation, which makes no provision for redemption from such sales.

SAME.—*Bailment.*—*Purchase at Tax Sale of Bailed Property by Bailee.*—A bailee for hire, in possession, who is under no contract or duty to pay the taxes on the property bailed, may buy the same at a sale for taxes.

SAME.—*Sale on Christmas Day Valid.*—A sale of property for taxes made on Christmas day is valid.

From the Johnson Circuit Court.

*W. H. Ripley,* for appellants.

*J. L. White* and *W. J. Buckingham,* for appellee.

ELLIOTT, J.—The material allegations of the appellants'

complaint are these: The appellants were partners, in February, 1883, doing business in Marion county, and in that month bought a saw-mill of A. H. Dutton; this mill was situated in Brown county; prior to the purchase Dutton had leased the mill to one Reese, who had sub-leased it to Musselman, the appellee. The original lease was executed on the second day of March, 1882, and the first year expired in March, 1883. In February, 1883, the appellants attempted to take possession of the mill, but they were resisted by the appellee, who claimed the right to hold it until March, 1884, and appellants were compelled to yield to his claim. They had no knowledge of the existence of the lease until after their purchase from Dutton. Before the expiration of the lease, December 25th, 1884, the mill was, without the knowledge of the appellants, sold for taxes. The mill is alleged to be personal property, and to be of the value of one thousand dollars. The appellee, then in possession of the mill, purchased it for eighty-one dollars, and claims to hold it as a purchaser. Within thirty days after the sale the appellants tendered him ninety-eight dollars, which was the amount of his bid with penalty and charges added. The tender was refused on the ground that the law did not permit a redemption of personal property sold for taxes.

We have followed the language of counsel in giving a summary of the complaint, although we think the terms " lease," " sub-lease," and the like, are not properly used, since they, in strictness, refer only to the demise of real estate. If the mill is personal property the party in possession is a bailee for hire, and not a lessee.

The first question argued is thus stated by counsel: Is the act of March 13th, 1875, entitled "An act to provide for the redemption of personal property sold for taxes," still in force? Settled rules require us to decide this question against the appellants. The act of March 29th, 1881, entitled "An act concerning taxation," covers the entire subject of taxation, embracing sales for taxes and redemptions from such sales, and

repeals all prior acts upon the subject. The act of 1881 contains full and explicit provisions respecting the sale of personal property, but makes no provision for redemption from such sales. The case is, therefore, within the rule that where a new statute covers the whole subject-matter of an old one, adds new provisions and makes changes, former laws upon the same subject are repealed. *President Peru, etc., R. R. Co.* v. *Bradshaw,* 6 Ind. 146; *Longlois* v. *Longlois,* 48 Ind. 60; *Wagoner* v. *State,* 90 Ind. 504, and auth. cited p. 507. There is, however, more than a repeal by implication, for in the act of March 29th, 1881, it is provided that "All laws and parts of laws within the purview of this act are hereby repealed, except ' an act to levy an annual tax for the purpose of raising revenue,' approved March 3, 1877."

The second question presented by the record is thus stated by the appellants' counsel:

" 2. Can a tenant or bailee of personal property, residing and holding such property in a county in this State other than the county of which the owners are residents, acquire an absolute valid title to such property adverse to the owners through a sale by the county treasurer of the property to satisfy the taxes assessed against such property, the taxes having been assessed and the sale had during the term of tenancy or bailment, the owners having no notice or knowledge of the sale? "

The authorities are against the appellants upon the question of the right of a lessee or bailee in possession to buy property at a sale for taxes. Where the person who buys is under a contract or duty to pay the taxes he can not become a purchaser, but where there is no contract and no duty he may buy. *Garwood* v. *Hastings,* 38 Cal. 216; *McMinn* v. *Whelan,* 27 Cal. 300; *Bowman* v. *Cockrill,* 6 Kan. 311; *Nellis* v. *Lathrop,* 22 Wend. 121; *Sharpe* v. *Kelley,* 5 Denio, 431; *Buckley* v. *Taggart,* 62 Ind. 236, see pp. 238, 239; 2 Desty Taxation, 938. This rule denies to a mortgagor, and to one

in possession claiming title, a right to buy, but does not deny it to a bailee for hire.   *Cooper* v. *Jackson,* 99 Ind. 566.

The case of *Bender* v. *Stewart,* 75 Ind. 88, is not in point. The ruling there applies to one in possession as a tenant in common, but it does not apply to one in possession under a lease or contract of bailment for hire.   There is a well defined distinction between the two classes of cases, and the rule in the one class does not govern in the other.

The third question is this:   Is a sale for taxes made on Christmas day valid?   Our statute makes Christmas a holiday in one respect, and in one only, and that is in regard to commercial paper, and we can find no rule of our common law making it a legal holiday as to any other matter.   It was made a holiday, or, as it was called, a holy day, by a statute of Edward VI., but this statute was abrogated by Queen Mary.   It was, however, revived during the reigns of Queen Elizabeth and King James I.   The statute created numerous holidays, but they were reduced by a statute of William IV. to Sunday, Easter Monday, Easter Tuesday and Christmas day.   There are, it is said, two kinds of holidays, ecclesiastical and state; the former established by the church, the latter by the state.   In this country we can not recognize the ecclesiastical holidays, for we have no established church, and affairs of state are carefully separated from ecclesiastical matters.   The statute of William IV. is not part of our law, and the statutes of Queen Elizabeth and King James I., although enacted prior to the fourth year of the reign of that King, can not be considered as part of the body of the law which governs us, because those statutes are so blended and connected with ecclesiastical matters as to be inconsistent with the State and Federal constitutions.   It has been held that, at common law, ministerial, but not judicial acts, might be lawfully performed on Sunday in the absence of a prohibitory statute.   *Cory* v. *Silcox,* 5 Ind. 370; *Kiger* v. *Coats,* 18 Ind. 153.

If Sunday can not be considered as a holiday in the ab-

sence of a statute so declaring, it is quite clear that Christmas can not be. That it has not been so regarded is evident. from the fact that it was found necessary to enact a statute making it a holiday in regard to commercial paper.

As there is neither a statute nor a rule of the common law prohibiting the sale of property for taxes on Christmas day,. we can not hold that a sale made on that day is void, however much we may doubt the wisdom and propriety of making sales on that day.

Judgment affirmed.

Filed Oct. 30, 1885; petition for a rehearing overruled March 12, 1886.