## JOHN F. WHIPPLE V. PAULINA A. HILL.

FILED APRIL 26, 1893. No. 4876.

1. **Affidavit for Attachment.** The affidavit upon which the attachment in this case was issued examined, and *held* sufficient.

2. **Attachment**: MOTION TO DISCHARGE: REVIEW OF ORDER MADE UPON CONFLICTING AFFIDAVITS. Where a motion to discharge an attachment on the ground that the facts stated in the affidavit are untrue is heard upon conflicting affidavits, the decision of the trial court on the motion will not be disturbed unless it is clearly against the weight of the evidence.

3. **Attachment on Claim Past Due**: VALIDITY OF ORDER ISSUED ON HOLIDAY: MINISTERIAL ACT. Section 38, chapter 19, Compiled Statutes, providing that "no court can be opened nor any judicial business be transacted on Sunday, or any legal holiday," etc., does not prohibit a county judge from issuing, on a legal holiday, an order of attachment on a debt past due, since that is purely a ministerial, and not a judicial act.

ERROR from the district court of Greeley county. Tried below before COFFIN, J.

*Henry Nunn,* for plaintiff in error.

*T. J. Doyle, contra:*

The issuance of an order of attachment is a ministerial duty and not prohibited on legal holidays by statute. (*Place v. Taylor,* 22 O. St., 322; *In re Worthington,* 7 Biss. [U. S.], 455; *Glenn v. Eddy,* 17 Atl. Rep. [N. J.], 145; *Weil v. Geier,* 21 N. W. Rep. [Wis.], 246; *Smith v. Ihling,* 11 Id. [Mich.], 408; *Spaulding v. Bernhard,* 44 Id. [Wis.], 643; *Green v. Walker,* 41 Id. [Wis.], 534; *Johnson v. Day,* 17 Pick. [Mass.], 109; 29 Am. Law Reg., p. 140, and cases cited.)

NORVAL, J.

The defendant in error commenced an action by attachment in the county court of Greeley county against plaintiff in error to recover the sum of $205.95 on a promissory note. The affidavit for the attachment was filed and the writ issued on the 1st day of September, 1890. Service was had on the following day. Subsequently defendant filed a motion in the county court to discharge the attachment upon the following grounds:

1. Because the allegations in plaintiff's affidavit are insufficient to sustain the attachment.

2. Because the allegations in said affidavit are untrue.

3. Because the writ of attachment was issued and served on the 1st day of September, 1890, which was a legal holiday.

This motion was overruled by the county court, and the attachment sustained. Thereupon the defendant prosecuted error to the district court to reverse said ruling, which resulted in affirming the decision of the county court.

The objections urged by the plaintiff in error, in his motion for a dissolution of the attachment, will be noticed in the order in which they are stated therein.

The first point made is that the allegations in the attachment affidavit are insufficient to sustain the attach-

49

ment. The following is a copy of the affidavit upon which the attachment was granted, omitting caption and title of the cause:

"STATE OF NEBRASKA, }
  GREELEY COUNTY. } ss.

"Henry A. Hill, being first duly sworn, says he is the duly authorized agent of plaintiff; the said plaintiff makes oath that the claim in this action is for two hundred and five and $\frac{95}{100}$ dollars, due under contract on promissory notes. And the said Henry A. Hill also makes oath that said claim is just and that Paulina A. Hill, plaintiff, ought, as he believes, to recover thereon two hundred and five $\frac{95}{100}$ dollars. He also makes oath that said defendant, John F. Whipple, is about to remove his property, or a part thereof, out of the jurisdiction of the court with the intent to defraud his creditors, and is about to convert his property, or a part thereof, into money for the purpose of placing it beyond the reach of his creditors; that the said John F. Whipple has property and rights in action which he conceals, and has assigned, removed, and disposed of, and is about to dispose of, his property, or a part thereof, with the intent to defraud his creditors; and fraudulently contracted the debt for which suit is brought.

                                        "H. A. HILL.

"Subscribed in my presence and sworn to before me, this 1st day of September, A. D. 1890.

                                "N. H. PARKS,
                                    "*County Judge.*"

It is contended that the affidavit is insufficient, because the allegation therein as to plaintiff's claim is not sworn to either by the plaintiff or her agent. The objection is not good. True, the affidavit states " the said plaintiff makes oath that the claim in this action is for two hundred and five and $\frac{95}{100}$ dollars due under a contract on promissory notes." But immediately following said averment the affidavit contains this language: "And the said Henry A.

Hill also makes oath that said claim is just, and that Paulina A. Hill, plaintiff, ought, as he believes, to recover thereon two hundred and five and $\frac{95}{100}$ dollars," from which it sufficiently appears that the affiant, H. A. Hill, makes oath to the statement in the affidavit relating to the nature of the plaintiff's claim. A printed form was used in preparing the affidavit, and, manifestly, it was an oversight on the part of the draftsman in not erasing the printed word "plaintiff" and inserting the word "affiant." But the affidavit is not for that reason defective. We think it sufficient to support the attachment.

In *Jansen & Co. v. Mundt*, 20 Neb., 320, an affidavit for an attachment was made by plaintiffs' attorney, wherein he swears "that he is the authorized attorney of the plaintiffs in the above entitled action; that he has commenced an action," etc. It was ruled that the defect in omitting to state that plaintiffs commenced the action did not render the affidavit void, inasmuch as it appeared from the whole affidavit that the suit was brought by the plaintiffs. In principle, the case at bar is not distinguishable from the case cited.

The second objection is that the facts stated in the affidavit for the attachment are untrue. The defendant filed an affidavit denying the grounds of the attachment, and on the hearing of the motion to dissolve, numerous affidavits were filed in support of, and in resistance of, said motion. From an examination of the several affidavits it appears that there is a sharp conflict of evidence, but we are convinced that a preponderance thereof supports the original affidavit for the attachment. The rule long adhered to in this court is, that where a motion to discharge an attachment, on the ground that the allegations in the affidavits are not true, is decided upon conflicting testimony, this court will not disturb the ruling unless the preponderance of the evidence against it is clear and decisive. (*Mayer v. Zingre*, 18 Neb., 458; *Grimes v. Farrington*, 19 Id., 44;

*Holland v. Commercial Bank,* 22 Id., 571; *Johnson v. Steele,* 23 Id., 82.)

The remaining question to be considered is whether or not the attachment is void, because the order was issued on a legal holiday. The solution of the question necessitates an examination of two sections of the statutes.

By section 9, chapter 41, Compiled Statutes, it is provided that "the first Monday in the month of September in each year shall hereafter be known as 'Labor Day' and shall be deemed a public holiday, in like manner and to the same extent as holidays provided for in section eight (8) of chapter forty-one (41) of the Compiled Statutes of 1887." A reference to the calendar will disclose that the first day of September, 1890, on which date the attachment in question was issued, was Monday; therefore, under the foregoing provision, was a public or legal holiday. The objection to the issuance of the writ of attachment in this case on Labor Day is based upon section 38, chapter 19, of the Compiled Statutes, which declares that "No court can be opened, nor can any judicial business be transacted, on Sunday, or any legal holiday, except—1st. To give instructions to a jury then deliberating on their verdict. 2d. To receive a verdict or discharge a jury. 3d. To exercise the powers of a single magistrate in a criminal proceeding. 4th. To grant or refuse a temporary injunction or restraining order." The legislature, by the section quoted, has prohibited the courts of the state from being opened and from the transaction of any judicial business, with certain well-defined exceptions, on any day declared by statute to be a public or legal holiday.

It will be observed that the prohibition of the statute, so far as the transaction of business on holidays is concerned, relates to acts which in their nature are purely judicial, and does not apply to such as are merely ministerial. The language of the section is plain and unambiguous, and should not be extended by judicial interpretation beyond

the plain import of the words used.   Had the legislature
intended to debar courts, or court officers, from performing
ministerial acts upon holidays, words suitable to express
such an intention would have been employed.   If the trans-
action of all legal business was forbidden on such days, as
is the case in some of the states, we would grant that the
order in question would be void; but the statute fails to so
provide.   It is the opening of courts and the transaction
of judicial business on legal holidays which the law for-
bids.   This intent is clearly manifest.   We search in vain
for any words which indicate a different purpose.   The is-
suance or service of legal process, such as a summons, exe-
cution, or writ of attachment, is merely a ministerial act,
and therefore is not within the inhibition of the above sec-
tion of the statute, and is valid, although done on a legal
holiday.   (*Glenn v. Eddy*, 17 Atl. Rep. [N. J.], 145; *Kin-
ney v. Emery*, 37 N. J. Eq., 339; *In re Worthington*, 7
Biss. [U. S.], 455; *Weil v. Geier*, 61 Wis., 414; *Smith v.
Ihling*, 47 Mich., 614; *Hadley v. Musselman*, 104 Ind.,
459; *Whitney v. Blackburn*, 17 Ore., 564.)

The supreme court of New Jersey in *Glenn v. Eddy*,
*supra*, under a statute quite similar to our own, held that
a summons might be legally issued and served on the day
of a general election, which day is by law made a legal
holiday.   Magie, J., in delivering the opinion of the court,
says: "When the statute declares them to be legal holi-
days it does not permit a reference to the legal *status* of
Sunday to discover its meaning, for it proceeds to interpret
the phrase, so far as it is prohibitory, by an express enact-
ment declaring what shall not be done thereon.   What it
thus expresses is prohibited; what it fails to prohibit re-
mains lawful to be done.   The plain intent of the statute,
therefore, is to free all persons, upon the days named, from
compulsory labor, and from compulsory attendance upon
courts as officers, suitors, or witnesses.   Its true interpre-
tation will limit the prohibition, with respect to the courts,

to such actual sessions thereof as would require such attendance."

In *Weil v. Geier, supra,* the supreme court of Wisconsin, in construing a statute almost identical with the one under consideration, held that the issuance of a summons by a justice of the peace on a legal holiday is permissible, because a ministerial act. To the same effect is *Smith v. Ihling,* 47 Mich., 614.

We are convinced that a county judge in issuing an attachment exercises no judicial functions, and such a writ is not void because issued on a legal holiday. The conclusion reached does not conflict with the' case of the *Merchants National Bank v. Jaffray,* 36 Neb., 218. It was there held that an order made by a district or county judge on a legal holiday, allowing an attachment in an action on a debt not due, is void. That decision was placed upon the ground that the granting of such an order is a judicial act. As was said by Judge POST in his opinion in that case, "when the application is made, the court or judge must determine judicially that the action is one of those contemplated by the statute, and that the showing is sufficient to entitle the plaintiff to an attachment."

The issuance of a writ of attachment on a debt past due, as already stated, is a purely ministerial act. When the proper affidavit and bond are filed, it is the imperative duty of the county judge to issue the attachment. He has no discretion in the matter. The judgment of the district court is right and is

AFFIRMED.

THE other judges concur.