(January 25, 1902.)

## HAVENS *v.* STILES.

[67 Pac. 919.]

SUNDAY—LEGAL HOLIDAY.—A complaint filed on Sunday and a summons issued thereon by the clerk of the court is a ministerial act, and not prohibited by section 3866 of the Revised Statutes.

(Syllabus by the court.)

APPEAL from the District Court, Canyon County.

Lot L. Feltham, for Appellant.

The court erred in sustaining the defendant Dunbar's motions to quash and set aside the summons, and strike the complaint from the files, upon the grounds that said summons was issued, and said complaint was filed on Sunday. There is no statute prohibiting any ministerial act on Sunday in Idaho. (*In re Worthington*, 7 Biss. (U. S.) 457, Fed. Cas. No. 18,051; 20 Ency. of Pl. & Pr. 1197; *Kiger v. Coats* (1862), 18 Ind. 153, 81 Am. Dec. 351; *Hadley v. Musselman* (1885), 104 Ind. 459, 3 N. E. 122; *Reid v. State* (1875), 53 Ala. 402, 25 Am. Rep. 627; *Hanover Fire Ins. Co. v. Shrader & Rogers*, 89 Tex. 35, reported in 30 L. R. A. 499, 59 Am. St. Rep. 25, 32 S. W. 872, 33 S. W. 112; *State v Cal. Min. Co.* (1878), 13

Nev. 215; *Kelley v. Van Austin,* 17 Cal. 565.)   Was the summons void because tested on Sunday; and, if so, did the defendant, William C. Dunbar, appear generally when he moved to quash and set aside the summons and strike the complaint from the file?   (*Whitney v. Blackburn,* 17 Or. 564, 11 Am. St. Rep. 857, 21 Pac. 874.)   The issuance of a summons does not come within the prohibitions of section 3866 of the Revised Statutes of Idaho.   It is only judicial business that cannot be transacted on Sunday or other holiday.   The issuance of a summons in this state is purely a ministerial act.   (20 Ency. of Pl. & Pr. 1105; *Evans v. Etheridge* (1887), 96 N. C. 42, 1 S. E. 633; *Glendenning v. McNutt,* 1 Idaho, 592; *Clough v. Shepherd,* 31 N. H. 495; *Glenn v. Eddy,* 51 N. J. L. 255, 14 N. J. Eq. 339; *Dupuy v. Shear,* 29 Cal. 240.)

John C. Rice, for Respondent, files no brief nor makes appearance in supreme court.

STOCKSLAGER, J.—There are two questions involved in this appeal: 1. If the clerk of the district court voluntarily receives and files a complaint in a civil action on Sunday, and said action was not commenced or instituted for the purpose of obtaining an order of arrest, writ of attachment, execution, injunction, or writ of prohibition, and not being a proceeding to recover possession of personal property, is it prohibited by section 3866 of the Revised Statutes? 2. Is the filing of such complaint and the issue of summons thereon a ministerial or judicial act?

It is provided by said section 3866 that: "No court can be opened, nor can any judicial business be transacted on Sunday . . . . except for the following purposes: 1. To give, upon their request, instructions to a jury when deliberating on their verdict; 2. To receive a verdict or discharge a jury; 3. For the exercise of the powers of a magistrate in a criminal action or in a proceeding of a criminal nature; provided, that in civil causes orders of arrest may be made and executed, writs of attachments, executions, injunctions, and writs of prohibition may be issued and served.   Proceedings to recover possession of personal property may be had, and suits for the purpose of

obtaining any such writs and proceedings may be instituted on any day." It is obvious from the foregoing statutory provision that the clerk of the court could not be required to perform any service on Sunday, except wherein it is provided that certain writs shall issue on that day, or any legal holiday. But if he does voluntarily receive and file the complaint, and issue the summons, are they necessarily void? We will consider this question first. In *Re Worthington,* 7 Biss. 455, Fed. Cas. No. 18,051, the official syllabus says: "The act of the circuit clerk in filing the docket transcript of a judgment is a ministerial act, and not void, though done on a nonjudicial day; and the judgment creditors thereby acquired a lien upon the real estate of the judgment debtor, the same as if done on any other day." The opinion of the court is in harmony with the syllabus. Ministerial acts may properly be performed on legal holidays, in the absence of express statutory provisions, and statutes prohibiting judicial acts do not apply to such as are merely ministerial. (20 Ency. of Pl. & Pr. 1205.) In the same volume, at page 1197, it is said: "While at common law, as has been seen, no judicial act could be done on Sunday, the authorities are practically unanimous that mere ministerial acts could be performed on that day, and this would seem to be the rule at the present time in the absence of any prohibitory statute." In *Hadley v. Musselman,* 104 Ind. 459, 3 N. E. 122, it is said: "As there is neither a statute nor a rule of the common law prohibiting the sale of property for taxes on Christmas Day, we cannot hold that a sale made on that day is void, however much we may doubt the wisdom and propriety of making sales on that day." *Kiger v. Coats,* 18 Ind. 153, 81 Am. Dec. 351, holds that the giving of notice of an award on Sunday is valid, it not being an act of common labor, not a judicial act, nor one specially prohibited by any statute, and being a mere ministerial act connected with a judicial proceeding. In *Insurance Co. v. Shrader,* 89 Tex. Supp. 35, 59 Am. St. Rep. 25, 32 S. W. 872, 33 S. W. 112, 30 L. R. A. 498, an application for a writ of error was received by the clerk on Sunday. He, being doubtful as to his power to file it, merely noted the fact and date of its receipt, and upon the next day marked it "Filed." The

court, in passing upon the question, says: "We conclude that the application was lawfully filed on Sunday, and that the clerk's indorsement is evidence of the fact of its filing, and therefore that we have jurisdiction of the application." Again, in *Clough v. Shepherd,* 31 N. H. 490: "It is contended that it is illegal at common law to make any writ, or to deliver it to an officer for service on Sunday. In *Mackalley's Case,* 9 Coke, 66, it was decided that no judicial act ought to be done on Sunday; but ministerial acts may be lawfully executed on that day; and this decision is recognized as the law in *Waite v. Hundred of Stoke,* Cro. Jac. 496 (Com. Dig. 'Temps,' B, 3), and in *Swann v. Broome,* 3 Burr. 1595, *Johnson v. Day,* 17 Pick. 106, and *Frost v. Hull,* 4 N. H. 153. The award of judicial writ is a judicial act, and void if done on Sunday. (Com. Dig. 'Temps,' B, 3.) But the issuing of original process (which is the present case) is merely ministerial. (Com. Dig. 'Temps,' B, 3.) Thus, in *Waite v. Hundred of Stoke,* Cro. Jac. 496, it is said by Croke, J.: 'An original writ or patent bearing *teste* upon the Sunday is good enough, for the chancellor may seal writs or patents upon any day.' And see *Johnson v. Day,* 17 Pick. 109, and *Bedoe v. Alpe,* W. Jones, 156, there cited." In *People v. Bush,* 40 Cal. 344, the syllabus says: "The performance of a ministerial act by a judicial officer does not constitute the act itself a judicial proceeding." In *Evans v. Etheridge,* 96 N. C. 42, 1 S. E. 633, it is said the clerk only acts ministerially in issuing the process for attachment. This court, in *Glendenning v. McNutt,* 1 Idaho, 592, said: "The only remaining question is, Was the appointment of Glendenning made on a nonjudicial day? If such was the case, there would be no question but that it would be valid. The letters appear to have been issued December 25, 1871, and the court refused the introduction of any further evidence upon the subject of the appointment. Had the court allowed the introduction of the probate court record, it would have shown that the administrator was not appointed on Christmas, but on the day following. The act of appointing was a judicial act; the act of issuing letters merely ministerial. The state does not prohibit a ministerial act on a nonjudicial day, but only judicial acts." In

*Weil v. Geier*, 61 Wis. 414, 21 N. W. 246, it is held that "the statute providing that no court shall be opened or transact any business on any legal holiday does not prohibit a justice of the peace from issuing a summons on such a holiday, that being a purely ministerial act." In *Glenn v. Eddy*, 51 N. J. L. 256, 257, 14 Am. St. Rep. 684, 17 Atl. 145, we find the following language used by the court: "The history of the common law and of legislation with respect to Sunday clearly indicates that it owes its exceptional position to a general sense of its sacred character as a holy day. To no other day—although many account other days holy—has a like distinction been accorded. When we compare the course of the common law and legislation respecting Sunday with the statute now before us, a different treatment is observable. Although some of the days named are accounted holy by many, while others are national anniversaries, or days when public duties are enjoined on citizens, yet there has been enacted no prohibition against the pursuit of any business or pleasure. There is no express prohibition against the service of the process of the courts. The direct prohibitions of the statute are aimed at only two things, viz.: (1) Compulsion to labor, and (2) the holding of courts on the days specified." In *Whipple v. Hill*, 36 Neb. 724, 38 Am. St. Rep. 742, 55 N. W. 227, 20 L. R. A. 313—a very instructive decision—a statute very similar to ours is construed. The opinion says: "By section 9, chapter 41 of the Compiled Statutes, it is provided that the first Monday in the month of September in each year shall hereafter be known as 'Labor Day,' and shall be deemed a public holiday, in like manner and to the same extent as holidays provided for in section eight (8) of chapter forty-one (41) of the Compiled Statutes of 1887. A reference to the calendar will disclose that the first day of September, 1890, on which date the attachment in question was issued, was Monday; therefore, under the foregoing provision, was a public or legal holiday. The objection to the issuance of the writ of attachment in this case on Labor Day is based upon section 38, chapter 19 of the Compiled Statutes, which declares that: 'No court can be opened, nor can any judicial business be transacted on Sunday or any legal holiday except:

1. To give instructions to a jury then deliberating on their verdict; 2. To receive a verdict or discharge a jury; 3. To exercise the powers of a single magistrate in a criminal proceeding; 4. To grant or refuse temporary injunction or restraining order.' The legislature, by the section quoted, has prohibited the courts of the state from being opened, and from the transaction of any judicial business, with certain well-defined exceptions, on any day declared by statute to be a public or legal holiday. It will be observed that the prohibition of the statute, so far as the transaction of business on holidays is concerned, relates to acts which, in their nature, are purely judicial, and does not apply to such as are merely ministerial. The language of the section is plain and unambiguous, and should not be extended by judicial interpretation beyond the plain import of the words used. Had the legislature intended to debar the courts or court officers from performing ministerial acts upon holidays, words suitable to express such an intention would have been employed. If the transaction of all legal business was forbidden on such days, as is the case in some of the states, we would grant that the order in question would be void; but the statute fails to so provide. 'It is the opening of courts and the transaction of judical business on legal holidays which the law forbids.' This intent is clearly manifest. We search in vain for any words which indicate a different purpose. The issuance or service of legal process such as a summons, execution, or writ of attachment is merely a ministerial act, and therefore is not within the inhibition of the above section of the statute, and is valid although done on a legal holiday." The opinion cites with approval *Glenn v. Eddy,* 51 N. J. L. 255, 14 Am. St. Rep. 684, 17 Atl. 145; *Kinney v. Emery,* 37 N. J. Eq. 339; *In re Worthington,* 7 Biss. 455, Fed. Cas. No. 18,051; *Weil v. Geier,* 61 Wis. 414, 21 N. W. 246; *Smith v. Ihling,* 47 Mich. 614, 11 N. W. 408; *Hadley v. Musselman,* 104 Ind. 459, 3 N. E. 122; *Whitney v. Blackburn,* 17 Or. 564, 11 Am. St. Rep. 857, 21 Pac. 874. Our attention has been called to 5 American and English Encyclopedia of Law, first edition, page 85, which says: "Dies Non. This is an abbreviation of the phrase *'dies*

*non juridicus,'* universally used to denote nonjudicial days—days during which the courts do not transact any business; as Sunday, or the legal holidays." In *Hauswirth v. Sullivan,* 6 Mont. 203, 9 Pac. 798—a Montana case, under, we apprehend, a statute similar to our own—it is held that a summons cannot be legally served on Sunday; that the service of a summons is not a judicial act, but that under the statute such service cannot be made on Sunday. *Schwed v. Hartwitz,* 23 Colo. 187, 58 Am. St. Rep. 221, 47 Pac. 295, holds that "a notice of a tax sale is in the nature of a service of a process, and is void when published only in a Sunday newspaper, where the statute does not authorize service on Sunday." The opinion says: "Plaintiff, to support her title, relied upon a certain tax sale. The notice of this sale was published only in a Sunday edition of the 'Herald-Democrat,' a daily newspaper published in the city of Leadville. The statute provides that 'the treasurer shall give notice of the sale of real property by the publication thereof once a week in a newspaper published in this county,' etc. . . . . The district court decided that the publication in a Sunday edition only was not legal notice, and that all proceedings thereunder were without force or effect. The publication of the notice of a tax sale is in the nature of the service of process. It will not be contended that, outside of a few cases specifically provided for by statute, service of process on Sunday in a civil action would be valid in this state, and the rule that tax sales are invalid if made upon a notice published only in a Sunday paper is too well settled to be now open to controversy."

We were not favored with a brief of respondent in this case, but have carefully examined the authorities to which our attention has been called, and have quoted liberally from all those bearing directly on the issues involved in the case. It seems to be almost universally held by the courts, with statutes similar to our own, that filing a complaint and issuing a summons thereon is a ministerial, and not a judicial, act; hence not prohibited by statute. The Montana case is in harmony with this conclusion, and holds directly that such acts of the court officers are ministerial, but that they are prohibited by the statute

of that state. If their statute is similar to ours, we cannot follow that decision. We are clearly of the opinion that under the provisions of our statute court officers are not prohibited from performing such acts as are merely ministerial on a legal holiday. We think the lower court was in error in sustaining respondent's motion to strike appellant's complaint from the files, and in quashing the summons issued thereon.

Case reversed, and cause remanded for further proceedings in harmony with this opinion, with costs to appellant.

Quarles, C. J., and Sullivan, J., concur.