GREEN and another, Appellants, vs. WALKER, Respondent.

*February 2 — February 19, 1889.*

*(1) Evidence: Deposition taken on legal holiday. (2) Husband and wife: Agency: Estoppel.*

1. Sec. 2576, R. S., as amended by ch. 142, Laws of 1885 (providing that no court shall be opened or transact any business on any legal holiday, unless it be for the purpose of instructing or discharging a jury, or of receiving a verdict and rendering a judgment thereon), does not render inadmissible in evidence a deposition taken in another state on a day made a legal holiday in this state.

2. Where a husband has charge of his wife's business which consists in dealing in horses, the fact that in looking after the horses he treats them as his own with her knowledge ought not to estop her from asserting her title to them as against his creditors.

APPEAL from the Circuit Court for *Portage* County. The facts are stated in the opinion.

For the appellants the cause was submitted on the brief of *James O. Raymond.*

For the respondent there was a brief by *Lamoreux & Park*, and oral argument by *B. B. Park.*

COLE, C. J.   This is an action of replevin to recover the possession of a span of horses.   The plaintiffs claim to own them as copartners.   The defendant, as sheriff, justifies the taking and holding of the horses under an execution issued on a judgment against Simon Green, the husband of the plaintiff *Alice.*   The real controversy, therefore, is, Was the property seized on the execution the property of the plaintiffs, or was it the property of the judgment debtor? The plaintiff *Alice*, in order to prove that she had been in business on her own account and had a separate estate, offered in evidence two depositions,— one of Albert Green, a brother-in-law; the other, of Mrs. Beers, her mother. These depositions were both taken,— the former in Michigan, the latter in Missouri,— on the 22d day of February, 1887.   The depositions were objected to because taken on a legal holiday, and excluded on that ground.   The depositions were clearly material to the issue, and their exclusion was doubtless prejudicial to the rights of *Mrs. Alice Green.*   The question is, Were they properly excluded because taken on a day which is made a legal holiday in this state?   We are clear that this question must receive a negative answer.

The statute relating to this subject is sec. 2576, R. S., as amended by ch. 142, Laws of 1885.   That section provides, in effect, that no court shall be opened or transact any business on the first day of the week, or any legal holiday, unless it be for the purpose of instructing or discharging a jury, or of receiving a verdict and rendering a judgment thereon.   The 22d day of February is made a legal holiday by sec. 2577.   Now, if it be conceded — a point we do not

decide — that the taking of a deposition in this state is a judicial act, which is prohibited, still it is plain our statute can have no extra-territorial effect. It could not prohibit the taking of a deposition in Michigan or Missouri, merely by making the day on which it was taken a legal holiday. The legislature might perhaps provide that no such deposition taken in another state should be used as evidence in the courts of this state. The legislature has not seen fit to do this, but has prohibited the courts, with certain exceptions, from transacting any business on a legal holiday. But this prohibition only relates to judicial acts, and does not apply to mere ministerial acts,— such as the issuing of a summons by a justice of the peace,— as this court has decided. *Weil v. Geier*, 61 Wis. 414. It would be a most liberal, not to say forced, construction of language to hold that the taking of a deposition by a notary public was the act of a court, or a judicial act in a legal sense. We have been referred to decisions holding promissory notes and other contracts made on Sunday void, but these cases afford little aid in solving the question before us. The case of *Wilson v. Bayley*, 42 N. J. Law, 132, does hold that a deposition taken upon a legal holiday upon notice to, but against the objection of, the opposing counsel, cannot be used. The question is not discussed at all, but the decision is placed upon the provisions of their statute in relation to legal holidays. That statute declares that no person shall be compelled to labor upon any legal holiday, and some stress seems to be placed upon this clause in the opinion. In *Rogers v. Brooks*, 30 Ark. 612, the court held that a deposition taken on the 4th of July was good, but we infer that that was not a legal holiday. The court says the statute did not prohibit the taking of depositions on the 4th day of July, and therefore refused to suppress the deposition.

We are not aware of any statute in this state which declares that a deposition taken in another state on a day

which is made a legal holiday here, shall not be used as evidence in our courts. But the learned circuit court did not exclude the depositions on the ground that the taking them was a judicial act, but it thought that the policy of the law, or the purpose of it, was to exempt a citizen of the state from being called into court for any purpose on a legal holiday. The statute does not say that no person shall be required to attend to any business whatever on a legal holiday. If it did, it might be claimed with much reason that it would be a violation of the spirit of the law to require a citizen to go to another state to take a deposition on such a day. There is no law which prohibits a citizen from laboring or pursuing his worldly business on any day of the week except Sunday. On a secular day which is made a holiday the ordinary business of courts is suspended, and while the law does not require, its policy may favor, the appropriation of the day to rest and festivity. Still every man is left free to follow the dictates of his judgment and conscience in that regard. He may abstain from work or not. Says Mr. Justice GRIER, when speaking of a kindred question, in *Richardson v. Goddard*, 23 How. 44: " Public officers, school-boys, apprentices, clerks, and others who live on salaries or prefer pleasure to business, claim the privilege of holiday, while those who depend on their daily labor for their daily bread, and cannot afford to be idle, pursue their occupations as usual." We do not understand that the prohibition of the statute goes so far as to excuse a lawyer from disregarding a legal notice served on him on a holiday, or from attending to many things connected with his profession. However that may be, we see no ground for saying that the policy of the statute condemns the taking of a deposition in another state on a day which is made a legal holiday here, and that such deposition cannot be used as evidence in our courts. We there-

Green and another vs. Walker.

fore hold that the depositions in question were erroneously suppressed or excluded.

Some exceptions were taken to the charge, but it is not necessary to notice them at any length.  We will only remark that the court stated the law rather strongly in that part of the charge where he says: "The plaintiffs are not estopped from asserting their title to the property in question by reason of their having at any time known, without warning him thereof, that Fowler was suing Simon Green upon a demand that might have been enforced by a suit against them, if such was the fact, unless the evidence satisfies you that the plaintiffs knowingly permitted Simon to so act with reference to their property, and deal with others in relation to it, as if he were the owner."  One of the plaintiffs and a judgment debtor were husband and wife.  On account of this relation, the husband, if he had charge of the wife's business, as he might lawfully, would necessarily have the possession of her property apparently, and would often deal with it as if he were the owner.  The business of dealing in horses would require the services of a man to look after them.  The husband might perform that service for the wife, and in so doing treat the horses as his own, with her knowledge; but that ought not to estop her from asserting her title to the property as against his creditors.  But because the depositions were excluded the judgment of the circuit court is reversed, and a new trial ordered.

*By the Court.*— Ordered accordingly.