[Civil No. 3233. Filed October 3, 1932.]

[14 Pac. (2d) 712.]

FLOYD M. BRYANT, Appellant, v. IRENE R. BRYANT, Appellee.

Messrs. Phillips, Holzworth & Phillips, for Appellant.

Mr. Harold J. Janson, for Appellee.

LOCKWOOD, J. — Irene R. Bryant, hereinafter called plaintiff, brought suit against Floyd M. Bryant, hereinafter called defendant, asking for a divorce

and a division of the community property. Summons was served upon defendant in the county on January 1st, 1932. He failed to answer, and a default was entered on January 25th. The case came before the trial court for a hearing on February 23d, and, evidence in support of the allegations of the complaint being duly presented, judgment was accordingly rendered in plaintiff's favor granting her a divorce, the custody of the two minor children of the marriage, and certain of the community property, the other community property being by the decree vested in the defendant. Defendant, in some manner being advised of the entry of the decree, promptly thereafter moved to set aside the default and to permit him to present a defense upon the merits, which defense was set forth in an answer which he tendered at the same time that he filed his motion. The trial court heard the matter and denied the motion, and from said order this appeal was promptly taken.

There are three assignments of error which we consider in their order. The first is that the court was without jurisdiction to render the judgment, for the reason that the alleged service of summons on defendant was illegal, it having been made on the first day of January, which under our statute is a legal holiday. We consider then whether or not service of summons in an ordinary civil suit made on a holiday is valid. Our statute (Rev. Code 1928, § 1728) in regard to holidays reads as follows:

"§ 1728. *Offices and Courts Closed; Judicial Business that May be Transacted.* Public offices shall not be opened, and no court of justice shall be open, nor any judicial business be transacted on any legal holiday, except for the following purposes: To give upon their request, instructions to a jury when deliberating on its verdict; to receive a verdict or discharge a jury; for the exercise of the powers of a magistrate in a criminal action, or in a proceeding of a criminal nature; provided, that injunctions, attachments, claim

and delivery and writs of prohibition may be issued and served on any day.''

It will be seen therefrom that the prohibition is against the opening of public offices or courts and the transaction of ''judicial'' business. The question of the validity of various legal acts done on a holiday has been discussed by the courts of the different states, and, while the ultimate conclusions reached are not the same everywhere, the general rule is that, if the act in question is judicial in its nature, it may be questioned at a proper time and in a proper manner, although the objection may be waived. *Reclamation Dist. No. 535 of Sacramento County* v. *Hamilton,* 112 Cal. 603, 44 Pac. 1074; *Merchants' National Bank* v. *Jaffray,* 36 Neb. 218, 54 N. W. 258, 19 L. R. A. 316; *Davidson* v. *Munsey,* 27 Utah 87, 74 Pac. 431.

On the other hand, if the act is of a ministerial character, it is generally held to be lawful. *People* v. *Helm,* 152 Cal. 532, 93 Pac. 99; *Tully* v. *Grand Island Telephone Co.,* 87 Neb. 822, 128 N. W. 508; *Green* v. *Walker,* 73 Wis. 548, 41 N. W. 534.

The general distinction between ministerial and judicial acts seems to be that, where the duty to be performed is described by law with such certainty that nothing is left to the exercise of discretion or judgment, the act is ministerial, but, where it requires discretion or judgment to determine whether the duty to act exists or not, it is judicial. In other words, the necessity of the exercise of judgment or discretion is generally held to be the distinguishing test. *Reclamation Dist. No. 535 of Sacramento County* v. *Hamilton, supra; Boynton* v. *Brown,* (Tex. Civ. App.) 164 S. W. 893. Judged by this test, the service of a summons is ministerial and not judicial in its nature, for the law plainly describes the duty to be performed, and the officer is given no discretion as to his right or duty to perform it. *Havens* v. *Stiles,* 8 Idaho 250, 67 Pac. 919, 101 Am. St. Rep.

195, 1 Ann. Cas. 277, 56 L. R. A. 736; *Weil* v. *Geier,* 61 Wis. 414, 21 N. W. 246; *Whipple* v. *Hill,* 36 Neb. 720, 55 N. W. 227, 38 Am. St. Rep. 742, 20 L. R. A. 313. Defendant contends that the final proviso in our statute above quoted that "injunctions, attachments, claim and delivery and writs of prohibition may be issued and served on any day," under the rule of *expressio unius est exclusio alterius,* implies that ordinary civil processes may not be issued and served on a holiday. While there is some force perhaps to this contention, we think that on reason and authority, so far as service is concerned, the better rule is to the contrary. *Reclamation Dist. No. 535 of Sacramento County* v. *Hamilton, supra; Havens* v. *Stiles, supra; Whipple* v. *Hill, supra.* We hold, therefore, that the service of summons on a holiday is valid.

The next question is whether or not the court abused its discretion in refusing to set aside the default and the judgment rendered thereon. We have held in several cases that, in order to set aside a default and judgment, it is necessary that the moving party must show affirmatively two things: (a) That his failure to answer arose from excusable neglect; and (b) that he had a meritorious defense. *Beltran* v. *Roll,* 39 Ariz. 417, 7 Pac. (2d) 248; *Garden Development Co.* v. *Carlaw,* 33 Ariz. 232, 263 Pac. 625. Either alone is insufficient to compel the trial judge to set aside the default.

The record shows defendant was served personally in Maricopa county over fifty days before the case was tried and judgment rendered, during all of which time he made no attempt to enter an appearance or file an answer. As an excuse for his neglect he states as follows:

"That he is the defendant in the above entitled action; that the summons and copy of complaint in the above entitled action were served upon him on the 1st day of January, 1932 at the home of plaintiff

and defendant approximately eleven miles east of Gila Bend in Maricopa County; that at said time, plaintiff was sick in St. Joseph's Hospital in the City of Phoenix; that she remained in said hospital for approximately six weeks thereafter. That during all of said time this defendant was doing all he could to care for the property of plaintiff and defendant and to raise money sufficient to pay plaintiff's hospital and doctor bills, and at no time did he entertain any thought other than that plaintiff and defendant would adjust their differences and that this action would be dismissed. That affiant was greatly surprised to find that default had been taken and judgment entered against him in this matter. That this affiant believed that when the trial took place, he would be given notice of the time when said action would be tried. That the said plaintiff was sick in bed continuously after the filing of her complaint herein and had not been up and dressed up to within a few hours before said trial took place. That affiant believed that plaintiff would abandon her said suit and that it would never come to trial.''

The substance of his excuse is that he hoped and believed that the parties would adjust their differences and the action be dismissed without its being heard, and that he thought when the trial took place he would be given notice thereof. That this is utterly insufficient to show excusable neglect would seem to be obvious. The summons required him to answer within a certain time or judgment would be taken against him, and plaintiff in no way by her conduct or actions had given him reasonable cause to believe that she did not intend to proceed with the action. According to his own statements, he merely took a chance that she might not proceed because he hoped she would not. Such hopes and wishes cannot excuse a failure to comply with the plain terms of a summons. The defendant has shown by his own affidavit that his neglect to answer was not excusable, and, under our decisions above set forth, it was not -

error for the trial court to deny his motion to set aside the default and judgment. The order appealed from is therefore affirmed.

McALISTER, C. J., and ROSS, J., concur.