**321 P.2d 1027**

**Enea Louise DAMIANO, Appellant,**

**v.**

**Thomas DAMIANO, Appellee.**

**No. 6512.**

Supreme Court of Arizona.

Feb. 19, 1958.

Marks & Marks, Phoenix, for appellant.
Raineri & Cracchiolo, Phoenix, for appellee.

UDALL, Chief Justice.

This is an appeal from an order denying motion to set aside a default judgment in a divorce proceeding on the grounds of excusable neglect, coupled with an alleged fraud on the court in plaintiff failing to meet residence requirements. The parties will be referred to as below, i. e., appellant (the wife) as defendant, and appellee (the husband) as plaintiff.

The facts in this case stated in a light most favorable to a sustaining of the trial court's order are: Plaintiff and defendant were intermarried in New York in 1949 and have one child, a girl, born in 1950. Plaintiff, while stationed at McGuire Air Force Base in New Jersey, requested his wife to join him and establish a home there. Defendant refused to do so, electing to stay in Pennsylvania with her mother, where she had lived for some time. Pennsylvania was admittedly the home of the parties prior to plaintiff's establishing residence in Arizona after returning from military service overseas.

In January 1956 (other dates mentioned refer to the year 1956) plaintiff filed a complaint for divorce. Substituted service was had on defendant by registered mail on February 25th, in Pennsylvania. Defendant contacted a Pennsylvania attorney who, on February 28th, wrote to the clerk of court, Maricopa County, stating defendant wanted to contest same and requesting the name of an attorney to assist her to that end. A copy of this letter was sent to plaintiff's attorneys. The clerk promptly answered the attorney, giving the name and address of a Phoenix attorney, and also noted the residence requirements for divorce in Arizona. The Pennsylvania attorney then wrote to the named Phoenix attorney and, failing to receive a reply and not being notified of trial as per the requirements of the law in Pennsylvania, he and defendant concluded plaintiff had dropped the divorce proceedings.

On May 16th a clerk's default was entered. After correspondence between plaintiff and his attorneys, and a search of the records revealing no appearance made or answer filed, proof was submitted by plaintiff and a decree of divorce was then entered on June 7th. This decree included a provision for child support.

Defendant, on November 5th, filed her motion to set aside the judgment and on November 9th filed an affidavit in support thereof. After a hearing the case was taken under advisement and later an order was entered denying said motion. This appeal followed.

Defendant's first assignment of error challenges the validity of the order denying the motion to set aside the default and decree of divorce for the reason the showing under rule 60–c, Rules of Civil Procedure, 16 A.R.S., was sufficient to require such action. Rule 60–c states:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence surprise, or excusable neglect. * * *"

■ Defendant contends defaults are not favored under the law since they do not result in a determination of the merits of the claim. This we have said many times. Furthermore there is no question but that our statutes providing for vacation of judgments for excusable neglect are applicable to judgments in divorce proceedings. Blair v. Blair, 48 Ariz. 501, 62 P.2d 1321. The question here is whether defendant's failure to appear was truly the result of "mistake, inadvertence, surprise, or excusable neglect."

The surprise complained of is, there was no knowledge of the hearing or granting of divorce until after it had been granted and defendant was so informed in a letter from plaintiff. Defendant also urges that she, and not plaintiff, is the one who had the grounds for divorce, and this contributed to her surprise. The other elements, inadvertence, mistake and excusable neglect, are attributed to the failure of the Phoenix attorney to reply and the failure of the Pennsylvania attorney to be apprised of the hearing as per the Pennsylvania law.

■ We have held that failure to appear because of hopes that the action would be dismissed without its being heard, or that defendant thought he would be notified of the time of trial, are not excusable neglect. Bryant v. Bryant, 40 Ariz. 519, 14 P.2d 712, 713. We there also reiterated the elements necessary to warrant setting aside a default, viz.: (1) failure to answer arose from excusable neglect; and (2) there was a meritorious defense. "Either alone is insufficient to compel the trial judge to set aside the default."

■ Here a period of 103 days elapsed between the service of summons and complaint on defendant until the judgment was rendered, without the defendant filing an answer or otherwise making an appearance. Obviously the plaintiff was not attempting to rush the proceedings to prevent the wife's participation. The trial court found the failure to appear was not excusable

conduct. Unless the undisputed evidence shows excusable neglect as a matter of law, the question whether there has been a sufficient showing as a ground for setting aside a default judgment is a matter within the sound judicial discretion of the trial court. Thomas v. Goettl Bros. Metal Products, Inc., 76 Ariz. 54, 258 P.2d 816. We see no abuse of this discretion in the instant case.

 Defendant's second assignment of error attacks the jurisdiction of the court on the ground plaintiff misrepresented the facts as to the necessary residence requirements to maintain such an action. It is urged that fraud on the court vitiates everything it touches and hence, when it is shown to have been committed by the party in whose favor the judgment is rendered, such judgment may be vacated at any time upon a proper showing made by the injured party. As an abstract matter we agree with the above proposition of law. However, the court found as a fact that plaintiff had met the statutory residence requirements. This was a question of fact and the trier thereof necessarily found that plaintiff, in truth and in fact, was a bona fide resident. Because he was a serviceman did not preclude his establishing Arizona as his domicile. Clark v. Clark, 71 Ariz. 194, 225 P.2d 486.

Order affirmed.

WINDES, PHELPS, STRUCKMEYER and JOHNSON, JJ., concurring.