501 P.2d 948

**Alyce Elayne JUDGE, Appellant,**

v.

**John Robert JUDGE, Appellee.**

**No. 2 CA–CIV 1216.**

Court of Appeals of Arizona,
Division 2.

Oct. 17, 1972.

———◆———

Russo, Cox & Dickerson, by Jerold A. Cartin, Tucson, for appellant.

Schroeder, Soelter & Rosenthal, P. C., by Donald R. Schroeder, Tucson, for appellee.

HATHAWAY, Judge.

Alyce Elayne Judge has appealed from an order of the superior court granting the defendant-appellee's motion to set aside the default judgment of divorce entered against him. The sole question presented on this appeal is whether the trial court abused its discretion in granting that motion. Appellant's entire argument is directed at appellee's failure to establish excusable neglect as required by Rule 60(c), Arizona Rules of Civil Procedure, 16 A.R. S. the existence of a meritorious defense remains unquestioned.

The record, considered in the light most favorable to supporting the trial court's order, reveals that the parties were married in March of 1952, and that three children were born as issue of the marriage, namely Diane, 18, Deborah, 17, and Denise, 9. The parties have community property consisting of their home and furniture; 40 acres of unimproved lands situated in Cochise County; three vehicles and a house trailer; and a lot located on Padre Island.

Plaintiff's complaint alleged general cruelty as grounds for divorce, and prayed for attorneys' fees and child support in the amount of $375, an apparently reasonable allowance in view of his annual income allegedly in excess of $18,000.

Under the default judgment the plaintiff was granted an absolute divorce, custody and control of the children, the household furnishings and one of the vehicles. The defendant was awarded a vehicle and the acreage located in Cochise County. All other remaining property was designated as common property of the parties. The defendant was ordered to pay $375 per month child support and $500 for the plaintiff's attorneys' fees.

The defendant was served with a supplemental complaint on the 2nd day of December, 1971, which recited that the plaintiff had unsuccessfully attempted a reconciliation with the defendant and that the defendant's conduct continued to make the marriage relationship impossible. At the time of the hearing on the motion to vacate the default judgment, the defendant acknowledged that he knew he had until

the 23rd of December to answer, explaining he understood that to be the date for the hearing. He further testified that he continued to live in the family home occupying the same bedroom as before and that his wife occupied a different bedroom with the children. The family continued to take their meals and sit at the dinner table together. At Christmas, all went along as a normal Christmas, the family exchanging gifts as usual. The defendant indicated that when the 20 day period to answer had passed and he had not been notified that "the court was going to take place," he "figured that there wasn't going to have any court, that we was going to work things out."

Although the record does appear to reflect that the parties continued their residence in the same home under semi-peaceful circumstances, we are unable to glean from the record evidence which excuses the defendant's failure to appear. The situation in this case appears very similar to that discussed in Damiano v. Damiano, 83 Ariz. 366, 368, 321 P.2d 1027, 1029 (1958) where our Supreme Court stated:

> "We have held that failure to appear because of hopes that the action will be dismissed without its being heard, or that defendant thought he would be notified of the time of trial, are not excusable neglect. Bryant v. Bryant, 40 Ariz. 519, 14 P.2d 712, 713 [(1932)]."

The trial judge indicated that his policy was to show leniency in setting aside default divorces, a policy with which we are not in disagreement, see 22 A.L.R.2d 1312 at 1320, but in view of the total lack of excusable neglect in the record and on the basis of Damiano, we find that we are unable to uphold the vacation of the default judgment. Nowhere in the record is it indicated that the plaintiff's conduct led the defendant to believe that the matter would not proceed. His hopes and wishes that it would not, cannot excuse his failure to comply with the plain terms of the summons. Bryant v. Bryant, 40 Ariz. 519, 14 P.2d 712 (1932).

The order vacating the default judgment is reversed and it is ordered that the default judgment be reinstated.

KRUCKER, C. J., and HOWARD, J., concur.