639 P.2d 343

**Jose PEREZ, a single man, Plaintiff/Appellee,**

v.

**VALLEY NATIONAL BANK, as Personal Representative of the Estate of Manuel Ferrera, Deceased, Probate No. P–5602, Defendant/Appellant.**

**No. 2 CA–CIV 3936.**

Court of Appeals of Arizona, Division 2.

Oct. 20, 1981.

Rehearing Denied Dec. 2, 1981.

Review Denied Dec. 22, 1981.

---

Bolding & Zavala by Ed Bolding, Tucson, for plaintiff/appellee.

Renaud, Cook & Videan, P. A. by Robert M. Geiger, Phoenix, for defendant/appellant.

## OPINION

HATHAWAY, Chief Judge.

Plaintiff was injured by another patron in Manny's Cocktail Lounge, an establishment owned by Manuel Ferrera. He sued Ferrera and got a default judgment. Some time after Ferrera died, his personal representative moved to set aside the default and default judgment. The judgment was set aside, but not the default. The fact of Ferrera's death was mentioned in this motion in its argument, the accompanying affidavits and the prayer itself. Five months later, the defendant moved for dismissal of the case, pursuant to rule 25 of the Rules of Civil Procedure, for the plaintiff's failure to substitute the proper party. This motion was denied, but the personal representative was substituted at this time. The case proceeded to a trial on damages, in which plaintiff recovered $22,500.

The threshold issue in this appeal is whether the trial court abused its discretion in refusing to dismiss the case for plaintiff's failure to substitute the personal representative of the defendant's estate after the death of the defendant. The personal representative contends that dismissal under rule 25 was mandatory, because plaintiff did not move to substitute the personal representative within 90 days after the defendant's death had been "suggested upon the record by service of a statement of the fact of the death." [1] We do not agree.

Under the facts of this case, granting the motion to dismiss would have been to reward the type of procedural gamesmanship eschewed by the modern rules of civil procedure. The plaintiff had obtained a judg-

---

1. Rule 25. Substitution of parties

    25(a) Death

    (1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

    (2) In the event of the death of one or more of the plaintiffs or of one or more of the defendants in an action in which the right sought to be enforced survives only to the surviving plaintiffs or only against the surviving defendants, the action does not abate. The death shall be suggested upon the record and the action shall proceed in favor of or against the surviving parties."

ment against a live defendant. After the defendant's death, the estate moved to set aside the judgment and its attorneys then vigorously pursued the litigation before seeking dismissal under rule 25.

■ It is true that the defendant's attorneys did not hide the fact of the defendant's death from the plaintiff, as in *Davis v. Evans*, 132 So.2d 476 (Fla.1961). On the other hand, they availed themselves of the status of a party by, among other things, filing a motion for a trial on the damages issue, securing subpoenas duces tecum to depose witnesses and serving interrogatories on the plaintiff. The personal representative thereby became a party to the action for all purposes. Only a formal order of substitution was lacking. No legitimate purpose would be served by dismissal of the action. The defendant is thereby estopped from asserting this argument. See *Iovino v. Waterson*, 274 F.2d 41 (2nd Cir. 1959); *Davis v. Evans*, supra.

The defendant also contends that the trial court abused its discretion in refusing to set aside the entry of default. We find that it did not and affirm.

■ A party seeking relief from a default must show (1) that his failure to answer was due to excusable neglect; (2) that he had a meritorious defense and (3) that he made prompt application for relief. *Beyerle Sand & Gravel, Inc. v. Martinez*, 118 Ariz. 60, 574 P.2d 853 (App.1977): " 'Either alone [excusable neglect or meritorious defense] is insufficient to compel the trial judge to set aside the default.' " *Damiano v. Damiano*, 83 Ariz. 366, 368, 321 P.2d 1027, 1029 (1958).

■ The trial court refused to set aside the default, noting in the minute entry order that "there is no evidence directed at 'excusable' neglect." Plaintiff-appellee raises as an additional basis for affirmance the lack of a showing of a meritorious defense. Defendant-appellant responds in its reply brief that the trial court's having limited "the denial of Appellant's motion to Appellant's failure to establish excusable neglect, the court found that Appellant had established a meritorious defense." We disagree. A court declining to set aside a default for either reason need not determine whether its ruling is also supported for the additional reason. Not having given the lack of a meritorious defense as a reason would indicate that the court determined it unnecessary to consider that element.

Although the sufficiency of the showing of excusable neglect is the principal issue raised by appellant, we find it unnecessary to belabor this point in view of our conclusion that the showing of a meritorious defense is clearly absent. Appellant contends that a meritorious defense is available to it in the failure of the complaint to state a claim, asserting:

> "Plaintiff's complaint merely alleged that Plaintiff's injury occurred in the bathroom of Appellant's bar at the hands of another patron, but failed to allege that the tavern owner or his servant either had knowledge or should have realized from prior conduct of the offending patron that such patron might harm the injured patron. Consequently, plaintiff's complaint failed to allege the necessary prerequisite to establish liability against Appellant required under *Pierce v. Lopez*, 16 Ariz.App. 54, 490 P.2d 1182 (1971)."

We disagree with appellant's application of *Pierce* to the complaint in the instant case. Appellant properly notes that in *Pierce*, the judgment was reversed and the case was remanded for a new trial because there had been no showing to charge "the tavern keeper with knowledge that peril to his patrons was impending" and to fix "upon him the duty to act in their protection." 16 Ariz.App. at 59, 490 P.2d 1182. The pertinent portion of the complaint in the instant case charges:

> "III
>
> That on the above-mentioned date and at the above-mentioned location the defendant Manuel Ferrera employed several security personnel, commonly known as bouncers, whose duties included protecting patrons from the violence of other

patrons and removing violent patrons from the premises. Further, that on the above-mentioned date defendant Manuel Ferrera had reason to know from past experience that from time to time patrons would engage in violent acts against other patrons at Manny's Cocktail Lounge.

### IV

That on or about October 29, 1977, the security personnel employed by Manuel Ferrera, acting within the course and scope of their employment at Manny's Cocktail Lounge, failed to exercise reasonable care and vigilance to protect Jose Perez from reasonably foreseeable injury at the hands of another patron. Further, that said security personnel observed Jose Perez being attacked, assaulted and battered by one of the patrons and took no action to protect Jose Perez or to subdue the patron.

### V

That Jose Perez was attacked, assaulted and battered on the above-mentioned date at Manny's Cocktail Lounge and suffered severe and permanent injuries as a direct and proximate result of the negligence of the defendant Manuel Ferrera acting individually and by and through his employees."

We find that these quoted paragraphs, considered in the context of the entire complaint, set forth a claim for relief sufficient to withstand a motion for dismissal. Therefore, appellant's contention that a meritorious defense may be hinged upon the weakness of the complaint is without merit.

Affirmed.

HOWARD and BIRDSALL, JJ., concur.