642 P.2d 901

Nora K. VILLALBA, Petitioner/Appellee,

v.

Simon R. VILLALBA,
Respondent/Appellant.

No. 2 CA–CIV 4142.

Court of Appeals of Arizona,
Division 2.

March 10, 1982.

C. Robert Pursley, Safford, for petitioner/appellee.

Michael A. Carragher, Safford, for respondent/appellant.

## OPINION

HOWARD, Chief Judge.

The determinative issue in this case is whether the trial court erred in failing to set aside an entry of default and default judgment.

On June 13, 1980, appellee filed a petition for legal separation and on the same day appellant accepted service of a copy of the summons and petition. Appellant failed to

answer the petition and default was entered on August 28, 1980. On September 5, appellant moved to set aside the default judgment pursuant to Rule 55(c), Arizona Rules of Civil Procedure, 16 A.R.S. His affidavit in support of the motion stated, inter alia:

" * * *

2. He and the Petitioner arrived at an informal settlement agreement providing for *temporary* custody, payment of *temporary* support and maintenance, and separate living accommodations pending attempts to reconcile. Affiant has lived up to the terms of the informal agreement.

3. Pending reconciliation Affiant was informed and believed no further court proceedings were pending.

* * * "

(Emphasis added)

The Honorable Ruskin Lines denied appellant's motion but stated that he would allow appellant to submit whatever information he wished as an "amicus curiae". The case was then assigned to the Honorable Lloyd Fernandez who presided over a hearing on the default. Present at this hearing was appellant's attorney. Appellee moved to amend the complaint to ask for a legal dissolution rather than just a legal separation. Appellant's counsel did not object, but neither did he consent. In his brief appellant states that he cross-examined appellee who was the only witness who testified. The record does not support this statement.

The trial court found the parties should be divorced, awarded custody of the minor children to appellee, deferred ruling on child support and gave appellant time to file "an affidavit of property value". In response, appellant filed an "amicus curiae" affidavit which contained not only an estimate of property values, but also a statement and argument concerning his ability to pay spousal maintenance and child support. The trial court eventually entered a decree which divided the community property, awarded appellee child support and spousal maintenance for three years and decreed an absolute divorce.

■ Appellant contends the trial court erred in not granting relief under Rule 55(c). We do not agree. A party seeking relief from an entry of default must demonstrate to the satisfaction of the court, inter alia, that his failure to answer within the time provided by law was excusable neglect. *Monte Produce, Inc. v. Delgado*, 126 Ariz. 320, 614 P.2d 862 (1980). The facts here bear some similarity to those in *Bryant v. Bryant*, 40 Ariz. 519, 14 P.2d 712 (1932):

"The substance of his excuse is that he hoped and believed that the parties would adjust their differences and the action be dismissed without its being heard, and that he thought when the trial took place he would be given notice thereof. That this is utterly insufficient to show excusable neglect would seem to be obvious. The summons required him to answer within a certain time or judgment would be taken against him, and plaintiff in no way by her conduct or actions had given him reasonable cause to believe that she did not intend to proceed with the action...." 40 Ariz. at 523, 14 P.2d 712.

Appellant's affidavit shows that the arrangement between the parties after service of the summons and petition was only temporary. He does not state that appellee told him that he did not have to answer the petition. Instead, he makes a vague statement that he "... was informed and believed no further court proceedings were pending." He does not state who told him this. No excusable neglect was shown and the trial court did not err in refusing to set aside the default.

■ Appellant next contends that the community property was improperly divided, that appellee should not have been awarded spousal maintenance, and that the amount of spousal maintenance and child support was excessive. These issues cannot be raised. Where the defendant in an action for divorce is personally served and defaults, the default admits all the allegations of the complaint, and he is estopped from thereafter challenging them. *Mackie v. Mackie*, 186 Cal.App.2d 825, 9 Cal.Rptr. 173 (1960); *Christiana v. Rose*, 100 Cal.

App.2d 46, 222 P.2d 891 (1950); *Horton v. Horton,* 18 Cal.2d 579, 116 P.2d 605 (1941); *Rackov v. Rackov,* 164 Cal.App.2d 566, 330 P.2d 926 (1958). Where judgment is by default, the defendant, on appeal, may not challenge the sufficiency of the evidence. *Southern Arizona School For Boys, Inc. v. Chery,* 119 Ariz. 277, 580 P.2d 738 (1978).

Sua sponte, we raise the question of whether the trial court properly allowed the complaint to be amended. We have no comment on the trial court allowing appellant to appear as an "amicus curiae". Suffice it to say, we have not found a case where a party who has been defaulted has been allowed to appear as an amicus curiae. A judgment in a default case that awards relief that is more than or different in kind from that requested is null and void. *Southern Arizona School For Boys v. Chery,* supra. Appellee was only entitled to a decree for legal separation and not one for dissolution. Appellant never consented to the amendment. His failure to object at the hearing on the default judgment was meaningless since he had been defaulted and his counsel's presence was no more than courtesy extended by the trial court.

The decree is affirmed in all respects except that part of the decree which grants a dissolution of the marriage. That part of the decree which grants a dissolution of the marriage is vacated and set aside and the case is remanded to the trial court with directions to enter a decree granting legal separation.[1]

HATHAWAY and BIRDSALL, JJ., concur.

---

1. Either party to a decree of legal separation may file a petition for dissolution of marriage in accordance with the requirements of A.R.S. § 25–314. See A.R.S. § 25–325(B).