NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In the matter of:

IVETH FELIX, *Petitioner/Appellee,*

*v.*

JOSE A. MONTES, *Respondent/Appellant.*

No. 1 CA-CV 16-0668 FC
FILED 8-10-2017

Appeal from the Superior Court in Maricopa County
No. FC2014-095647
The Honorable Justin Beresky, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Law Offices of Kevin Jensen, PLLC, Mesa
By Brandon Yost
*Counsel for Petitioner/Appellee*

Bishop Law Office, P.C., Tempe
By Daniel P. Beeks
*Counsel for Respondent/Appellant*

―――――――――――――――

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Patricia A. Orozco[1] joined.

―――――――――――――――

**C R U Z**, Judge:

¶1   Jose Montes ("Father") appeals from the decree dissolving his marriage to Iveth Felix ("Mother") and the denial of his motions for relief from judgment and a new trial. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2   Mother and Father married in February 2013 and have one child in common. In October 2014, Mother filed a petition for dissolution, and a year later, the family court issued a minute entry setting a one-day trial for May 16, 2016. At the time set for trial, Father's attorney was present, but Father was not. As the hearing commenced, the following exchange occurred between the court and Father's attorney:

> THE COURT: All right. Do you expect [Father] to appear? Well, let me put it this way. Have you had any recent communication with him?
>
> [COUNSEL]: Not since last week, Your Honor. But that's not unusual. He doesn't speak English very well and I don't speak Spanish very well so any messages that I leave for him are left with a cousin and the cousin talks to him and calls me back and she's able to relate to me whatever their communication was. The last such communication I received from him, I think, was Thursday.
>
> THE COURT: But he was aware of the date?
>
> [COUNSEL]: Oh, yeah. Of course. Yes.

―――――――――――――――

[1] The Honorable Patricia A. Orozco, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3, of the Arizona Constitution.

Father's attorney then moved for a continuance:

> [COUNSEL]: Your Honor in view of my client's unexplained absence, and I have no explanation whatsoever, I would ask that this trial be continued. I think in the interest of fairness he should be here. I wish that he were here. If he is not here, it very much hampers the presentation of [his] case in two ways. One is he would be [of] assistance in cross-examination of [Mother]. The other is in the presentation of the resulting case, Your Honor. So I would ask that this matter be continued for approximately 30 days so I can find out what has happened to [Father].

¶3 The family court denied the motion and proceeded with the hearing in Father's absence. Mother presented her case and was cross-examined by Father's attorney. After taking the matter under advisement, the court issued an eighteen-page ruling on the issues of legal decision-making and parenting time, child support, spousal maintenance, division of property and debts, and attorneys' fees and costs. Following entry of the decree, Father moved for relief from the judgment and for a new trial, explaining he did not appear at trial because he believed the parties had reached a settlement. The court denied the motion and a subsequent motion for clarification. Finally, the court awarded Mother $5,846.74 plus interest in attorneys' fees and costs pursuant to Arizona Revised Statutes ("A.R.S.") section 25-324.[2]

¶4 Father timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1), (5)(a).

## DISCUSSION

I. Motion to Continue

¶5 Father argues the family court erred by denying his motion to continue the trial. We review a ruling on a motion to continue for an abuse of discretion. *Dykeman v. Ashton*, 8 Ariz. App. 327, 330, 446 P.2d 26, 29 (1968). A motion to continue based on the unavailability of a party must state, among other things, that the postponement is based on good cause. Ariz. R. Fam. Law P. ("Rule") 77(C)(2). Here, Father's attorney gave no

---

[2] We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

reason for Father's failure to appear at trial. Because Father failed to offer evidence of good cause, the family court did not abuse its discretion in denying a continuance.[3]

II.     Motion for Relief from Judgment

**¶6**     Father argues he was entitled to relief or new trial under Rule 85(C)(1). But a party may seek relief on this basis only from a "*final* judgment, order or proceeding." Rule 85(C)(1) (emphasis added). In this case, a final judgment had not been entered when Father filed his motion.[4] Accordingly, the family court did not err in denying relief under Rule 85(C)(1); *cf. Sw. Barricades, L.L.C. v. Traffic Mgmt., Inc.*, 240 Ariz. 139, 141, ¶ 11, 377 P.3d 336, 338 (App. 2016) (discussing former Arizona Rule of Civil Procedure 60(c)).[5]

III.    Motion for New Trial

**¶7**     Father argues the family court should have granted a new trial based on "accident or surprise which could not have been prevented by ordinary prudence." *See* Rule 83(A)(3). We review a ruling on a motion for new trial for an abuse of discretion. *Kent v. Carter-Kent*, 235 Ariz. 309,

---

[3]     Because we find no error, we need not address Father's argument that a new trial was required because of an "irregularity in the proceedings" or an "abuse of discretion" that deprived him of a fair trial. *See* Rule 83(A) (providing permissible grounds for altering, amending, or vacating a decision or judgment upon a party's motion for new trial or amended judgment).

[4]     The decree was not a "final judgment" because it did not resolve all the issues pending before the family court or have a Rule 78(B) certification of finality. *Natale v. Natale*, 234 Ariz. 507, 509, ¶ 9, 323 P.3d 1158, 1160 (App. 2014); *Ghadimi v. Soraya*, 230 Ariz. 621, 622-23, ¶¶ 10-11, 285 P.3d 969, 970-71 (App. 2012).

[5]     Rule 85(C) is "substantively identical" to former Arizona Rule of Civil Procedure 60(c). *Cohen v. Frey*, 215 Ariz. 62, 64 n.1, ¶ 1, 157 P.3d 482, 484 n.1 (App. 2007). The Arizona Rules of Civil Procedure were extensively amended in 2017 to "'restyle' [them] in a manner similar to the 2007 restyling of the Federal Rules of Civil Procedure." Ariz. R. Civ. P., prefatory cmt. to the 2017 amendments. The amendments took effect January 1, 2017. *Id.*

312, ¶ 13, 332 P.3d 56, 59 (App. 2014). "An abuse of discretion occurs when there is no evidence to support a holding or the court commits an error of law when reaching a discretionary decision." *Dowling v. Stapley*, 221 Ariz. 251, 266, ¶ 45, 211 P.3d 1235, 1250 (App. 2009); *see also Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 455-56, 652 P.2d 507, 528-29 (1982). We may affirm for any reason supported by the record. *Pettit v. Pettit*, 218 Ariz. 529, 531, ¶ 4, 189 P.3d 1102, 1104 (App. 2008).

¶8 Father suggests the "ordinary prudence" standard for granting a new trial under Rule 83(A)(3) is analogous to the "excusable neglect" standard under Rule 85(C)(1)(a). *See Roberts v. Morgensen Motors*, 135 Ariz. 162, 164-65, 164 n.2, 659 P.2d 1307, 1309-10, 1309 n.2 (App. 1982) (discussing former Arizona Rules of Civil Procedure 59(a)(3) and 60(c)(1)). Assuming without deciding this is correct, "the test of what is excusable is whether the neglect or inadvertence is such as might be the act of a reasonably prudent person under similar circumstances." *Daou v. Harris*, 139 Ariz. 353, 359, 678 P.2d 934, 940 (1984); *see also Ulibarri v. Gerstenberger*, 178 Ariz. 151, 163, 871 P.2d 698, 710 (App. 1993). In this case, Father has not shown he took any steps a reasonably prudent person would have taken in similar circumstances to ensure his participation in a court proceeding where property rights and child custody were at issue. He did not maintain contact with his attorney. *See Hackin v. First Nat'l Bank of Ariz., Phx.*, 5 Ariz. App. 379, 385, 427 P.2d 360, 366 (1967) (stating that a party who willfully or negligently fails to keep in touch with counsel cannot complain of the court proceeding in his absence). Nor did he present evidence of a settlement other than his own affidavit. *See Walter v. N. Ariz. Title Co.*, 6 Ariz. App. 506, 511, 433 P.2d 998, 1003 (1967) (finding no excusable neglect where appellant failed to submit evidence establishing a settlement agreement); *Villalba v. Villalba*, 131 Ariz. 556, 557, 642 P.2d 901, 902 (App. 1982) (stating a belief that the opposing party will not pursue an action does not establish excusable neglect). In sum, the record does not support a finding of excusable neglect that would justify a new trial.

¶9 To the extent Father contends an evidentiary hearing was required, the family court did not err in denying such a request. *Cf. Weaver v. Synthes, Ltd. (U.S.A.)*, 162 Ariz. 442, 445, 784 P.2d 268, 271 (App. 1989) (citations omitted) (noting that where written record is clear, an evidentiary hearing is not necessary). The resolution of the issue before the court did not hinge on assessment of the parties' credibility. *Cf. Volk v. Brame*, 235 Ariz. 462, 466-67, ¶¶ 14-18, 333 P.3d 789, 793-94 (App. 2014) (citations omitted) (holding court's rejection of parties' efforts to testify violated due process where credibility was central to the issue before the court).

¶10        Finally, Father contends the family court was required to consider the four "*Pioneer* factors" in analyzing the issue of excusable neglect. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (discussing when an attorney's failure to file a proof of claim by the bar date can constitute excusable neglect under federal bankruptcy rules). However, Father offers no Arizona authority, nor have we found any, addressing application of the *Pioneer* factors outside the context of late-filed claims. *Cf. Hiatt v. Shah*, 238 Ariz. 579, 582, ¶ 9, 346 P.3d 1138, 1141 (App. 2015) (citing *Pioneer* in discussing consideration of a party's failure to file a timely claim against a receivership estate). Thus, we find no error on this basis.

IV.    Attorneys' Fees

¶11        Father obliquely disputes that the family court had sufficient evidence of his financial resources on which to base an award of attorneys' fees. *See* A.R.S. § 25-324(A) (requiring court to consider the financial resources of both parties when determining whether to award attorneys' fees). We review an award of fees for an abuse of discretion. *MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 36, 250 P.3d 1213, 1221 (App. 2011).

¶12        In awarding attorneys' fees to Mother, the family court considered (1) the "substantial disparity of financial resources between the parties" and (2) that Father acted unreasonably in the litigation by failing to appear at trial, avoiding service of process, and failing to take a drug test as ordered by the court. Because the record supports the court's findings, we find no error. *See id.* at ¶ 38, 250 P.3d at 1221.

¶13        Mother requests an award of attorneys' fees incurred on appeal. After considering the reasonableness of the position taken by Father on appeal, we award Mother her reasonable attorneys' fees, upon her compliance with Arizona Rule of Civil Appellate Procedure ("ARCAP") 21.

## CONCLUSION

**¶14** For the foregoing reasons, we affirm. We award fees and costs to Mother upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA